[No. 971. Decided July 12, 1893.]

ALBERT R. HEILIG, *Respondent*, v. THE CITY COUNCIL OF PUYALLUP *et al.*, *Appellants*.

STATUTES — IN PARI MATERIA — EFFECT OF EMERGENCY CLAUSE — CITIES OF THIRD CLASS — TAXATION — EQUALIZATION BY CITY COUNCIL — DIMINISHING COMPENSATION.

Where two conflicting acts upon the same subject matter are passed at the same session of the legislature, and their conflict is such that they cannot be harmonized and stand together, and one of them contains an emergency clause and the other does not, that one containing the emergency clause must be taken to overcome the other.

There is no vested right, either in municipal corporations of the third and fourth class, or the citizens thereof, to have property assessed in any particular way; but the method of assessment may be changed by the legislature at any time.

The city council in a city of the third class has no power to act in the month of May as a board of equalization upon the assessment for taxes for the year 1893, when an act effective March 9th of that year has amended a former law and provided for the assessment in cities of that class by the county assessor, although the municipal assessment may have been initiated by the city assessor prior to the taking effect of such amendment.

The law requiring the city council in cities of the third class to sit as a board of equalization, for which they may receive compensation, merely imposes a special duty upon the council, and an act relieving them of that duty does not violate the constitutional prohibition against diminishing the compensation of a public officer during his term of office.

*Appeal from Superior Court, Pierce County.*

*Arthur C. Dresbach,* for appellants.

*Heilig & Hartman,* for respondent.

The opinion of the court was delivered by

STILES, J.—The main question in this case is, whether the members of the city council of Puyallup, which is a city of the third class, shall be paid for sitting as a board of equalization in the month of May. The act of March 9, 1893 (Laws, p. 157), amending the act of 1890 providing for the organization of municipal corporations of the second, third and fourth classes, amended § 133 of the act of 1890 (Laws, p. 192) by imposing upon the city clerk the duties of city assessor and abolishing the office of city assessor entirely. Another act (Laws 1893, p. 171), approved the same day, provided for the assessment of property in cities of the third and fourth classes by the county assessor. The first of these two acts passed the house February 24th, and the senate March 2, 1893; the latter act passed the house March 3d, and the senate March 8th. The former act was without an emergency clause, and went into effect June 7th; the latter act contained an emergency clause, and went into effect immediately upon its approval by the governor.

The effect of the latter act is, that the council could not sit as a board of equalization. The court below, taking the view that the second act should prevail, prohibited the members of the council from acting as such board of equalization, and receiving pay therefor. We agree with this disposition of the case. Whether in pursuance of the second act the first one would have any force after the 7th of June, might be a question for discussion, but the fact is that at the time the council proposed to sit as a board of equalization in the month of May the second act was the law of the state, and the judgment was right. But we are also of the opinion that where two conflicting acts upon the same subject matter are passed at the same session of the legislature, and their conflict is such that they cannot be harmonized and stand together, and one of them contains an emergency clause and the other does not, that one containing the emergency clause must be taken to overcome the other. The simple fact of there being an emergency clause would tend to show that the subject matter of the act was more clearly and pointedly before the legislature than the subject matter of the other act. In this case the second act has the additional argument in its favor that it was actually passed by both houses of the legislature after the first one.

A number of other points are made in the brief of the appellants against the validity of the second act, all of which are objections to the power of the legislature to interfere with municipal corporations in the matter of assessing property for taxation. But we are of the opinion that none of them are well taken. The legislature, by the new procedure, does not assume to levy taxes upon the property of citizens, nor to require municipal corporations to do so; all that it does is to provide for the means by which the basis of such taxation may be ascertained. There is no vested right, either in the corporation or in the citizen, to have

property assessed in any particular way, and those mat-
ters, as are all matters pertaining to corporations of this
class, are entirely within the control of the legislature.

It is objected that the second act embraces more than
one subject. It is an act to provide for the assessment
and collection of taxes, and is in exact accord with the
great mass of the revenue laws which are passed by legisla-
tures. To have enacted a complete law upon the subject,
the legislature could scarcely have done less than it has in
this instance.

It is also claimed that this act should be considered as
prospective only in its operation, and that, inasmuch as
under the old law the assessor might have completed and
returned his assessment to the city council before the new
law went into force, therefore the council should be per-
mitted to complete the assessment, and that taxes for this
year should be collected upon that assessment. But this
contention cannot be sustained. The law is to be con-
strued prospectively, of course, unless by its express or
clearly implied terms it is to have a retrospective effect;
but the law having gone into effect March 9th applied to
all proceedings relating to taxation in cities of the third
and fourth classes subsequent to that date. Taxes for this
year will be based upon the assessment made by the county
assessor, and it will be an idle and useless labor for a city
council to in any wise consider an assessment made by the
city assessor.

The further point is made that by this new act the city
councilmen are deprived of the only compensation which
the law allows to be paid them for their services, inasmuch
as it is only while sitting as boards of equalization that
they can receive any pay. The constitution provides that
the compensation of a public officer shall not be increased
or diminished during his term of office. But the statute
(Gen. Stat., § 628) does not give the members of the coun-

cil compensation for their services while acting as a board
of equalization; it merely excepts that service from the
prohibition against receiving any compensation at all.    The
right to receive compensation is purely permissive, and de-
pends upon their own action.    They may or may not be
paid for their services in that capacity.    Section 646, re-
quiring the city council to sit as a board of equalization,
is a law which imposes a special duty upon the council, and
when its members are relieved from the duty, they no
longer have either a legal or moral right to pay for serv-
ices.

Judgment affirmed.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ.,
concur.