ALFRED T. WHITE et al., Appellants, *v.* THE INEBRIATES' HOME FOR KINGS COUNTY, Impleaded, etc., et al., Respondents.

| 141 | 123 |
| 150 | 206 |
| 141 | 123 |
| 152 | 403 |
| 141 | 123 |
| 155 | 622 |

An order denying a temporary injunction in an action wherein there are no controverted facts and the complaint presents simply a question of law, is reviewable here.

The provision of the act " to provide means for the support of the Inebriates' Home for Kings county " (§ 1, chap. 687, Laws of 1872), as amended in 1877 (§ 4, chap. 169, Laws of 1877), which directs the comptroller of the city of Brooklyn to pay to the treasurer of said home fifteen per cent of the excise moneys, was not repealed by the city charter of 1888 (Chap. 583, Laws of 1888).

Said act is not a " local and special " act relating to the corporation of the city, within the meaning of the repealing clause in said charter.  (§ 35, tit. 22.)

The facts that said provision of the act of 1872 was amended in 1875 " so as to read as follows," and that in the amendatory act of 1877 the original provision was amended without reference to the amendment of 1875, do not render the last amendment nugatory ; the original provision was not so merged and lost in the first amendment as to prevent a further amendment thereof by reference simply to the original.

*People* v. *Wilmerding* (136 N. Y. 363), distinguished.

Said amendatory act of 1877 is not violative of the provision of the State Constitution (§ 11, art. 8) forbidding the giving by a city of its money or property in aid of persons or corporations, save as excepted ; it comes within the exception allowing such gifts by a city "in aid or support of its poor as may be authorized by law."

(Argued January 15, 1894; decided January 23, 1894.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made December 5, 1893, which affirmed an order of Special Term denying a motion by plaintiffs for a temporary injunction.

In the General Term it was adjudged, as the ground for the affirmance, that chapter 169, Laws of 1877, was constitutional, has not been repealed and authorizes the comptroller of the city of Brooklyn to pay to defendant, the Inebriates' Home of Kings county, fifteen per cent of the moneys collected after April 1, 1877, for licenses.

The facts, so far as material, are stated in the opinion.

*R. Burnham Moffat* for appellants. The order is appealable to this court. (*Birge* v. *B. B. Co.*, 133 N. Y. 477; *Anderson* v. *Anderson*, 112 id. 104; *T. Co.* v. *R. R. Co.*, 121 id. 397.) Chapter 169 of the Laws of 1877 was repealed by chapter 583 of the Laws of 1888. (*Ferguson* v. *Ross*, 126 N. Y. 465; *People ex rel.* v. *Allen*, 42 id. 417; *Shepherd's Fold* v. *Mayor, etc.*, 96 id. 137; *People ex rel.* v. *Ingersoll*, 58 id. 1; *People* v. *Wilmerding*, 136 id. 368; *Ellis* v. *Paige*, 1 Pick. 43; *Bartlett* v. *King*, 12 Mass. 537; *Butler* v. *Russell*, 3 Cliff. 251; *Patterson* v. *Tatum*, 3 Sawyer, 164; *In re Southworth*, 5 Hun, 55; *Bowen* v. *United States*, 14 U. S. Ct. of Cl. 162; Laws of 1886, chap. 626.) Section 4 of chapter 169 of the Laws of 1877 is a nullity and is void. (Laws of 1877, chap. 687, § 1; Laws of 1875, chap. 627, § 3; *People* v. *Wilmerding*, 136 N. Y. 368.) The provisions of chapter 169 of the Laws of 1877, which direct payment to the Inebriates' Home of fifteen per cent of the Brooklyn city excise moneys, are in violation of article 8, section 11, of the State Constitution. (*People ex rel.* v. *Brown*, 55 N. Y. 187; *People ex rel.* v. *Allen*, 42 id. 404; *People ex rel.* v. *Dayton*, 55 id. 367; *People ex rel.* v. *Jackson*, 85 id. 544; *People* v. *Purdy*, 4 Hill, 384; *Gordon* v. *Cornes*, 47 N. Y. 616; *Hequembourg* v. *City of Dunkirk*, 49 Hun, 550; *People ex rel.* v. *Kelly*, 76 N. Y. 475; *In re Mayor, etc.*, 99 id. 589; *People* v. *Ingersoll*, 58 id. 1; *People* v. *Field*, Id. 491; *Shepherd's Fold* v.

*Mayor*, 96 id. 137 ; *People ex rel.* v. *City of Rome*, 136 id. 496.)

James C. Church for respondents. It is contended that the various acts incorporating and providing for this institution are all of them general and not local laws. In construing as to whether legislation is to be deemed local or general, the fact that the principal operation of the act is confined simply to one locality of the state does not of itself make the act a local act, but, in order to be local, its operation, effect and purpose must be entirely confined to the property and persons of a specific locality. (*People* v. *O'Brien*, 38 N. Y. 184; *Healy* v. *Dudley*, 5 Lans. 120 ; *Ferguson* v. *Ross*, 126 N. Y. 459 ; *People* v. *Stevens*, 2 Abb. Pr. [N. S.] 351; *People* v. *Bd. Suprs.*, 43 N. Y. 21; *People* v. *N. P. R. Co.*, 86 id. 7.) Assuming that the various acts under consideration are local acts, they are not repealed by the provisions of the charter of the city of Brooklyn. (*People ex rel.* v. *Bell*, 125 N. Y. 722.) This act does not interfere with the provision of the Constitution in relation to the payment of money by any city. (*Shepherd's Fold* v. *Mayor, etc.*, 96 N. Y. 137.) Should it be held that the act of 1887 was a local one it does not interfere with the constitutional prohibition. (*People* v. *Briggs*, 50 N. Y. 558; *Brewster* v. *City of Syracuse*, 19 id. 117.)

GRAY, J. This is an action by taxpayers to restrain officials of the city of Brooklyn from paying certain moneys to the Inebriates' Home for Kings county. An application for a restraining order was denied *pendente lite*, and that order was affirmed by the General Term. An appeal was taken from the order of affirmance to this court. There are no controverted facts, and the complaint presented but a question of law, which was, in fact, determined adversely by the denial of the motion for an injunction. The form of the order below, by adjudging upon that question, and disposing of the issues, raises a question of law, which we can review here. (*Birge* v. *Berlin Bridge Company*, 133 N. Y. 477.)

The "Home" was incorporated under chapter 843, Laws of 1867, for the purpose of receiving inebriates, entering voluntarily or by order of the trustees. Its objects were declared to be reformatory, and its operation and powers comprehended the county of Kings. This act, and subsequent amendatory acts, provided for the raising of revenues by appropriating a certain proportion of the excise moneys of Kings county and of the city of Brooklyn.

By section IV of chapter 169 of the Laws of 1877, it was finally provided that the city comptroller shall pay to the treasurer of the "Home" fifteen per cent of the moneys received for licenses granted and that the board of excise commissioners of the towns of Kings county shall also pay to the treasurer fifteen per cent of the moneys received for licenses granted by them. It is claimed that that act was repealed by chapter 583 of the Laws of 1888, commonly known as the city charter. That act provided, in section 35 of title XXII, for the repeal of "All local and special acts, passed prior to June 1, 1888, relating to the corporation of the city of Brooklyn, or to the administration of the property and affairs of said corporation." We think that the act of 1877 in question can only be said to be in a sense, and relatively to the rest of the state, local. The title was "An act to provide means for the support of inebriates for Kings county," etc., etc., and the scope of its action was over the whole county. It would be a misuse of terms to classify it with the local and special acts to be affected by the repealing clause of the city charter. Relatively to the county the act was general in its objects and provisions. Incidentally it touched the local administration of the city of Brooklyn. In the revision and combination of existing special and local laws affecting the city, which chapter 583 was designed to effect, it is but reasonable to suppose that the acts intended to be combined were such as directly, and only, concerned the municipal administration. We should not extend its operation of exclusion or repeal to acts, which affect the city only as it is part of a subdivision of the state ; unless compelled to do

so by express language. It is further insisted that section IV of the act of 1877, referred to, is a nullity. That result is reached by the appellants by comparing the provision of a prior act amendatory of the original act. In 1872 an act was passed (Laws, chap. 687), which, in its first section, provided with respect to the appropriation of certain percentages of city and county excise moneys. In 1875 (Laws, chap. 627, § 3) section one of the act of 1872 was amended "so as to read as follows," etc.; and by the use of that language and because of the amendment containing all the provisions of the amended section with other new ones, it is, in substance, claimed that section I of the act of 1872 was so merged and lost in the amending section as to be incapable of the reference and amendment contained in the act of 1877. In support of this the case of *People* v. *Wilmerding* (136 N. Y. 363) is relied upon. But that case is no authority for any such proposition. There the question was as to the effect of the repeal of a statute, which had incorporated by amendment an earlier enactment, upon that earlier enactment, and it was held that it also was repealed. The principle of the decision, upon that point, was that the repeal of the amending act did not operate to revive the earlier or original act. But here there was no case of repeal. The act of 1877 simply further amended a legislative provision for raising revenues for the "Home," contained in the act of 1872. That the provision was amended by the act of 1875, so as to read as in that act stated, did not prevent a further amendment of the original statute by the legislature in 1877, so that the section, in course of amendment, should read as prescribed in the changed form. There is good reason for holding, as we did in the *Wilmerding* case, against an indirect revival of a statute once repealed, by a repeal of the repealing act; but none for holding that an enactment, however amended in its provisions and however incorporated in the amendments, may not be further amended by reference to the statute, in which it originally appeared.

The only remaining point to be noticed is that the provisions

of chapter 169 of the Laws of 1877, respecting the payment of the excise moneys by the city, violate section XI of art. VIII of the Constitution of the state. That section forbids the giving by a city of moneys or property in aid of persons, associations, or corporations; but makes an exception in the case of "aid or support of its poor as may be authorized by law." We think the objects of this legislative enactment do comprehend an aid and a support of a very necessitous and helpless class of the poor of the city. In the performance of its charitable and reformatory duties, the trustees of this corporation are empowered to receive and care for drunkards in the jails or penitentiaries. Thereby the community is relieved of the burden of caring for them, *pro tanto*. The case of *Shepherd's Fold* v. *Mayor of New York* (96 N. Y. 137) is sufficient authority upon the point. There the corporate objects were to receive, support and educate orphan, or friendless, children. That decision asserted the obligation of localities to provide for their poor, and held that the constitutional inhibition did not prevent carrying out designated charities through the instrumentality of private corporations; but the giving away of the moneys of the state, or of its counties, or local divisions; except for the designated purposes for which each is authorized to provide. That this act comprehends a provision for the poor of the city and of the county is evident. In terms, the 4th section of the act of 1877 provides that the excise moneys "shall be paid to the treasurer upon the presentation of a * * * resolution * * * declaring that it is necessary for the care and maintenance of the indigent poor treated therein," etc. We can see no violation of the Constitution; but, rather, an effectuation of a municipal duty to aid the poor through a duly authorized instrumentality.

For the reasons given, we think the order below was right and should be affirmed, with costs.

All concur.

Order affirmed.