BELDING LAND & IMPROVEMENT CO. *v.* CITY OF BELDING.

1. MUNICIPAL CORPORATIONS—PUBLIC LIGHTING — RIGHT TO CONTRACT—CONSTRUCTION OF STATUTE.

   Act No. 186, Pub. Acts 1891 (1 Comp. Laws, § 3437 *et seq.*), authorizing cities to contract for public lighting, is not limited in its application to cities whose charters provide the manner for letting such contracts, by reason of the proviso therein that the contract shall be entered into in the manner prescribed by the charter, but merely requires a conformity to any existing charter requirements.

2. SAME—TITLE TO ACT— COMMERCIAL LIGHTING—ACT VOID IN PART.

   The act purports as well to give the city the alternative right to construct and operate its own plant, and in such case to supply its inhabitants with lights. *Held,* that, conceding the provision for commercial lighting not to be within the title to the act, which relates to public lighting alone, the invalid part of the act may be rejected, and the authority to contract for lighting sustained.

3. SAME—REPEAL OF STATUTE—PRIOR ACT SUBSEQUENTLY TAKING EFFECT.

The act was not affected by Act No. 115 of the same session, relating to the same subject, which, while taking effect at a later date, was passed at an earlier one.

4. SAME—SPECIAL CHARTERS.

The act is applicable to a city operating under a special charter subsequently enacted.

5. SAME—PREREQUISITES TO CONTRACT.

Under the act, the adoption of a resolution of expediency, or a submission to a vote of the electors, is not a prerequisite to the right of the council to contract for the furnishing of lights.

6. SAME—LIMITATION ON AMOUNT OF LIABILITY.

A charter provision forbidding the incurring of any liability, in addition to that provided for by the annual appropriation bill, during the year for which the appropriation was made, will not prevent the city from entering into a contract for lighting under the act in question; the utmost effect that can be given to such provision being to prevent any payments for lighting for the remainder of the fiscal year.

7. SAME—CONTRACT WITH PROMOTERS OF CORPORATION.

Under the act, a city may lawfully contract with the promoters of a corporation thereafter to be organized.

8. SAME—COMPETITIVE BIDDING.

There is nothing in the act which requires the proposed contract to be submitted to competitive bidding.

Appeal from Ionia; Daboll, J., presiding. Submitted May 9, 1901. Decided July 19, 1901.

Bill by the Belding Land & Improvement Company against the city of Belding, its mayor and common council, the Citizens' Light Company, and the Spencer Electric Light & Power Company, to enjoin the carrying out of a municipal contract. From a decree dismissing the bill, complainant appeals. Affirmed.

*George E. & M. A. Nichols* and *I. L. Hubbell* (*John W. Champlin*, of counsel), for complainant.

*Morse & Locke*, for defendant city.

*Dwight C. Sheldon* and *Myron H. Walker*, for defendant Citizens' Light Co.

HOOKER, J. The complainant is a resident of Belding, in this State, and some of its larger stockholders are inter- ested as stockholders in a concern, presumably a corpora- tion, known as the Spencer Electric Light & Power Com- pany, which was engaged in the business of commercial lighting in the city. In.the year 1898 the city advertised for bids for street lighting, and the Spencer Electric Light & Power Company made a proposition, which it after- wards withdrew, when another offer was accepted, and a conditional contract was made with some citizens to form a corporation, erect a plant, and furnish street lights for a stipulated price. The bill in this cause was filed to enjoin the carrying out of the contract, and was dismissed upon the hearing. The complainant has appealed.

The grounds upon which complainant asks relief are (1) that the council has not authority to make the contract, under the law; (2) that it has not complied with the law; and (3) that there was collusion between the council or its members and the persons with whom they sought to con- tract, to prevent competitive bidding.

There are two sources from which Belding might derive authority to make its contract—*First*, its charter; *second*, Act No. 186, Pub. Acts 1891 (1 Comp. Laws, § 3437 *et seq.*). Either is sufficient, if authority can be found in it. Act No. 186 is an independent act, and is held to apply to all cities of the prescribed class which were in existence when it was passed, or have been created since. It is con- tended that it cannot apply to a city whose charter does not provide the manner for letting contracts for public lighting, which it is said the charter of Belding does not. This seems to us a forced construction; a more reasonable one being that it applies to all cities, but requires conform- ity to charter requirements when they exist. The letting of a contract for a period of 10 years is not so complicated a transaction as to require specific provisions for so doing. In the absence of charter provisions, the council may make a contract with any one whom it chooses.

It is also contended that this act is unconstitutional, because, by providing that cities may do commercial lighting when they erect municipal plants, it is made broader than the title. We think that commercial lighting may be essential to make a municipal plant self-sustaining, and that a provision for it might, perhaps, be within a reasonable construction of such a title. But we find it unnecessary to decide this question, for the reason that such provision might be eliminated, and leave a valid act. It has no importance, therefore, in this case, because the city has not attempted to build a plant. We are of the opinion that it is not affected by Act No. 115 of the same session, which was passed earlier, though it took effect later. Counsel cite no authority for the claim that an act given immediate effect is repealed by one passed earlier, but not given immediate effect. We doubt if such authority can be found.

It is claimed that Act No. 186 cannot apply to Belding, which has a special charter, passed two years after the enactment of Act No. 186. See Act No. 313, Local Acts 1893. We see no difference in this respect between a city specially chartered and one organized under the provisions of the general statute. As said of the waterworks statute, to which this is analogous, in the case of *Menominee Water Co.* v. *City of Menominee*, 124 Mich. 395 (83 N. W. 130), the act "is a substantive and independent enactment. The city having availed itself of its provisions, the act stands a part of its charter, as a separate chapter dealing with the specific subject. * * * When so read, the case comes directly within the principles laid down in *Monroe Water Co.* v. *Heath*, 115 Mich. 277 (73 N. W. 234)." We think these cases conclusive of the question of power under the act, if the steps taken entitled the council to act under it. It is complainant's claim that, before it could do so, it was necessary to submit the question whether or not the electors would avail themselves of the provisions of the act, and that this could only be done upon a petition of 100 freeholders, and a resolution which

gave the electors the opportunity to determine whether they would have a contract or a municipal plant. Section 2 of Act No. 186 should be reasonably construed. It adopts Act No. 5 of the Session Laws of 1870; but as that act nowhere alludes to contracts, and was designed only to provide for the erection of municipal plants, it should not and cannot be held to prescribe a method for contracting. Moreover, said section 2 provides that the council shall have power to take action under Act No. 186 whenever it shall by resolution declare it to be expedient to acquire or construct, or whenever it shall deem it expedient to contract. This it may do by virtue of section 1, which makes it lawful for any city to construct or purchase or contract at such times and on such terms as the common council shall direct. But section 2 puts some limitations on this power, and an important one is that, if the council contracts, it must be in a method that conforms to its charter, and for not less than three nor more than ten years. Having thus provided for contracts, a restriction is placed upon the power to purchase or construct a plant, by providing that the council shall, after having by resolution declared the expediency, submit the question of purchase or construction to a vote of the electors. What was the object of section 3 ? Obviously, to impose a duty upon the council where the others gave power, and to compel action whenever 100 freeholders should petition for it. This act does not require a resolution of expediency, nor is a vote of the people necessary, before a contract may be made. The council may lawfully make a contract whenever it deems it expedient, and the making of the contract would be a sufficient declaration of expediency.

It is unnecessary to discuss the questions based alone on the authority of the charter itself, including limitations on the power to contract liabilities. So far as applicable to the case, those questions are covered by our previous rulings in cases cited in the briefs of counsel. Counsel attempt to distinguish this case from those of *Monroe Water Co.* v. *Heath*, 115 Mich. 277 (73 N. W. 234), and

*Ludington Water-Supply Co.* v. *City of Ludington,* 119 Mich. 480 (78 N. W. 558), upon the ground that in those cases the charter only prohibited excessive indebtedness, whereas in this the word "liability" is used. An examination of section 14, chap. 29, Act No, 313, Local Acts 1893, will show a limitation on the prohibition. It is confined to the fiscal year, and is as follows:

"After the passage of the annual appropriation bill, no further sums shall be used, raised, or appropriated, nor shall any further liability be incurred for any purpose, to be paid from the general fund or street-district fund, during the fiscal year for which the appropriation was made, unless the proposition to make the appropriation shall be sanctioned by a majority vote of the electors voting upon the proposition at the next annual city election, or at a special election to be called therefor by the council."

We are of the opinion that this provision does not forbid a contract for lighting under Act No. 186. *Menominee Water Co.* v. *City of Menominee, supra.* If it is true, as claimed, that the fiscal year ends in May, and that the council had appropriated all of its funds for that year, and could not appropriate more after making the annual appropriation, the council might not be authorized to pay bills for lighting incurred before May 1, 1899, which was probably as early as a plant could have been put in operation. However that may be, it would be a matter between the contracting parties. If no payment was made before that time, the owners of the plant only would be injured, and they are not here complaining.

The council might lawfully contract with private persons who should agree to furnish the light through a corporation to be thereafter organized. We need not concern ourselves with the questions that might arise between the city and corporation. Its contract was with the promoters, if counsel choose to call them such. It knew no other party, and need not unless it should choose to do so, unless the proposed corporation should ratify the action of its promoters, and bind itself as contemplated by the contract.

We discover nothing in Act No. 186 which requires a competitive bid. Substantially, however, there was one, if the complainant's[1] proposition was a bid; for the bid accepted was, as we understand it, a lower one than complainant's,[1] and competition was only prevented by its withdrawal.

Tho remaining question relates to the question of fraud and collusion between the council and the successful bidders. We are unable to find any evidence of a corrupt bargain, and agree with the learned circuit judge, who saw the witnesses, that the contract should not be held void upon that ground.

The decree is affirmed, with costs.

The other Justices concurred.

---

| | |
|---|---|
| 128 | 85 |
| s87ᴺᵂ | 126 |
| 133 | 615 |
| 128 | 85 |
| 145 | ¹686 |
| 128 | 85 |
| f154 | ⁴195 |
| 128 | 85 |
| 155 | ⁵643 |
| f155 | ¹694 |

---

[1] *I. e.*, the Spencer Electric Light & Power Company's.