[No. 11770. Department One. February 20, 1914.]

WILLIAM WHITFIELD, *Respondent*, v. T. D. DAVIES, *as Assessor of Snohomish County, Appellant.*[1]

MUNICIPAL CORPORATIONS—TAXATION—STATUTES—IMPLIED REPEAL. 3 Rem. & Bal. Code, § 5131, authorizing a tax levy in cities of less than twenty thousand inhabitants, of 15 mills on the dollar for current expenses, is a general law, and conflicts with and is impliedly repealed by 3 Rem. & Bal. Code, § 7685, approved one day after, limiting the tax in cities of the third class to 10 mills for all purposes.

STATUTES—IMPLIED REPEAL. The later of two conflicting general acts passed at the same session impliedly repeals the earlier one, especially where it contains an emergency clause.

STATUTES—TITLES—AMENDMENTS. An erroneous reference to a former statute which had been impliedly repealed may be treated as surplusage where the title to the amendatory act was sufficient to give the act validity as an independent act.

STATUTES—AMENDMENTS. The legislature may amend an original act that has been amended without regard to the intervening amendatory act.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered December 13, 1913, enjoining a tax, upon overruling a demurrer to the complaint. Affirmed.

*E. W. Klein* and *Robert McMurchie*, for appellant.

*J. A. Coleman* and *James M. Hogan*, for respondent.

[1]Reported in 138 Pac. 883.

Gose, J.—This is an action by a taxpayer, to restrain the officials of the county of Snohomish from extending upon the assessment rolls of the county any taxes in excess of ten mills on the dollar. The city of Snohomish assumed the defense, and interposed a general demurrer to the complaint. The demurrer was overruled, and a decree was entered in favor of the plaintiff. The defendant has appealed.

The city of Snohomish is a city of the third class. In October, 1913, an ordinance was passed and approved levying a tax of fifteen mills on the dollar on all property, real and personal, within the city subject to taxation for the year 1913, for the payment of current expenses of the city. The point to be determined is, what statute controls. A correct understanding of this question necessitates a consideration of certain conflicting statutes.

In 1890, the legislature passed an act entitled, "An act providing for the organization, classification, incorporation and government of municipal corporations, and declaring an emergency." In respect to municipal corporations of the third class, it was enacted, Laws 1890, p. 184, § 117, subd. 9, that the city council of such city shall have the power to levy and collect annually a property tax, classified as a general fund, a street fund, and a sewer fund: "The levy for all purposes for any one year shall not exceed one dollar on each one hundred dollars of the assessed value of all real and personal property within such city." In 1897, an act was passed, Laws 1897, p. 222, entitled, "An act relating to the taxes and funds of municipal corporations having less than twenty thousand inhabitants." Section 3 of this act provided that such municipal corporations shall levy and collect annually a property tax for the payment of current expenses, not exceeding ten mills on the dollar; a tax for the payment of indebtedness, if any exists, not exceeding six mills on the dollar, etc. It will be observed that this section is in direct conflict with § 9 of the act of 1890. Otherwise there is no

9—78 wash.

conflict between the two acts. Subd. 9 of the act of 1890 is carried into Rem. & Bal. Code, as § 7685 (P. C. 77 § 323). Section 3 of the act of 1897 is carried into the same code as § 5131 (P. C. 77 § 541). In 1913, Laws 1913, p. 274, an act was passed entitled, "An act relating to taxes in cities and towns and amending section 5131 of Remington & Ballinger's Annotated Codes and Statutes of Washington." This statute re-enacted § 3 of the Laws of 1897, § 5131 of Rem. & Bal. Code, and added:

"Provided, That any such municipal corporation having at present an existing indebtedness it may levy and collect annually a property tax for the payment of current expenses, not exceeding fifteen mills on the dollar." 3 Rem. & Bal. Code, § 5131.

It was under this statute that the city sought to make the levy. This act was approved by the governor on March 17, 1913. At the same session of the legislature, Laws 1913, p. 313, an act was passed entitled, "An act amending section 7685 of Remington & Ballinger's Annotated Codes and Statutes of Washington relating to the powers of the city council of third class cities and declaring the act necessary for the immediate preservation of the public peace, health and safety, and providing that it shall take effect immediately." This act was approved March 18, 1913. It re-enacted § 117 of Laws of 1890, Rem. & Bal. Code, § 7685 (P. C. 77 § 323). It expressly provides that "the levy for all purposes for any one year shall not exceed one dollar on each one hundred dollars of the assessed value of all real and personal property within such city." 3 Rem. & Bal. Code, § 7685. The trial court held that the levy should have been made under this act.

The appellant argues, in effect, that the act of March 17 is a special act and that the act of March 18 is a general act, and invokes the rule that general acts do not repeal special acts unless the intent to repeal is clearly expressed or necessarily implied. We cannot agree with counsel that the act of March 17 is a special act. Both acts are general in their

nature.   The act of March 17 has reference to municipal corporations having less than twenty thousand inhabitants. The act of March 18 has reference to cities of the third class. The inconsistency of the acts is so marked that they cannot operate concurrently.   One must yield to the other.

We have held that the later of two conflicting statutes passed at the same session of the legislature prevails over the earlier one, and impliedly repeals it.  *Commissioners of King County v. Davies*, 1 Wash. 290, 24 Pac. 540.   We have said that this rule is peculiarly pertinent where the later act contains an emergency clause.  *Heilig v. City Council of Puyallup*, 7 Wash. 29, 34 Pac. 164.   It is a well recognized rule of interpretation that legislative enactments are not, any more than any other writings, to be defeated on account of mistakes, errors, or omissions, provided the intention of the legislature can be collected from the whole statute.  *Harper v. State*, 109 Ala. 28, 19 South. 857.

It is argued, however, that inasmuch as subd. 9 of the act of 1890 is in conflict with § 3 of the act of 1897, there was a repeal by implication; hence, that the former act could not be amended by reference to it, or by reference to its subject-matter which was carried into the code.   There are two answers to this contention.   The first is that the title of the act of March 18 is broad enough to give the act validity without reference to the section of the code.   In such cases an erroneous reference to the former statute may be treated as surplusage, and the statute becomes in effect an independent act. *State ex rel. Wolfe v. Parmenter*, 50 Wash. 164, 96 Pac. 1047, 19 L. R. A. (N. S.) 707.   The other answer is that the legislature may amend an original act which has been amended, and disregard the intervening amendatory act.  *Fletcher v. Prather*, 102 Cal. 413, 36 Pac. 658; *White v. Inebriates' Home etc.*, 141 N. Y. 123, 35 N. E. 1092; *Harper v. State, supra*.   In the *White* case, the court said: .

"There is good reason for holding, as we did in the *Wilmerding* case, against the indirect revival of a statute once

repealed, by a repeal of the repealing act; but none for holding that an enactment, however amended in its provisions and however incorporated in the amendments, may not be further amended by reference to the statute, in which it originally appeared."

The city of Snohomish is a city of the third class, and its council was limited in making the levy in question by the act of March 18, 1913. The stipulation of facts shows that its financial condition is such that it will be much embarrassed by this limitation. That fact, however, presents a legislative and not a judicial question. The act of March 18 is the latest expression of the legislative will. It contains an emergency clause which put the law into immediate effect, and the result is that the act of March 17 never became a law as to cities of the third class.

The judgment is affirmed.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.