NEWBAUER *v.* STATE OF INDIANA.

[No. 25,180.   Filed May 29, 1928.]

*Richard W. Sharpless* and *W. W. Sharpless*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Harry L. Gause*, Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was charged by affidavit with driving an automobile upon a public highway while under the influence of intoxicating liquor, in DeKalb County, on November 1, 1925. He was found guilty by a jury. Judgment of fine and imprisonment in the county jail was rendered on the verdict.

The first assignment of error is that the court erred in overruling the defendant's motion to quash the affidavit. The motion to quash stated that the affidavit was not verified, as it was subscribed and sworn to before Charles S. Smith, notary public, and that, at the time, he was a deputy prosecuting attorney and was not authorized to act as a notary public. It is well settled that motions to quash indictments and affidavits only reach matters apparent on the face thereof. The objection to the affidavit in this case did not appear upon its face. *Davy* v. *State* (1923), 192 Ind. 604, 137 N. E. 553. The overruling of the motion to quash was not erroneous.

The second and third assignments of error are not proper assignments; but are reasons for a new trial and are also presented in that manner.

The fourth assignment of error is that the court erred in overruling the motion for a new trial. One of the causes relied upon was that the court erred in giving to the jury of its own motion instruction No. 3. This instruction was as follows: "The statute covering the charge of operation of Motor Vehicles While Intoxicated, reads as follows: 'Sec. 9. Any person operating a motor vehicle, or motorcycle, upon any public highway of this state, while under the influence of intoxicating liquors shall be guilty of a misdemeanor, punishable by a fine not exceeding five hundred dollars ($500.00), to which shall be added imprisonment in the county jail, or at the Indiana State farm, for not less than thirty days, nor more than six months, and for a second or subsequent offense, and for any violation of any order of court provided for herein, such person shall be deemed guilty of a felony, and shall be punished by imprisonment in the state prison for a term of not less than one (1) year, nor more than five (5) years. The court trying the case shall enter an order prohibiting said person from driving any automobile or motorcycle for any period not exceeding one year.' "

Said §9 stated to the jury in this instruction was a part of chapter 48 of the acts of 1925 (§2725 Burns 1926) which was an act concerning intoxicating liquors. This act was approved on March 4, 1925. It did not have an emergency clause. The acts of that session, not otherwise provided for, went into effect by proclamation of the Governor, on April 25, 1925. The subject-matter of this prosecution was also covered by §40, of chapter 213, of the acts of 1925 (§10141 Burns 1926), which was an act concerning automobile regulation. Section 40 reads as follows: "Any person who shall

drive or operate a motor vehicle or motor bicycle on any highway of this state while under the influence of intoxicating liquor or narcotic drugs, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall, for a first offense, be punished by a fine of not to exceed five hundred dollars ($500.00), to which may be added imprisonment for a term of not less than ten (10) days and not more than six (6) months; and for a second or other subsequent offense, such person shall be deemed guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment for a term of not less than one (1) year and not more than five (5) years." This act was approved March 14, 1925, and, with the exception of one section, which was not the section under consideration, was in full force and effect from and after its approval, as an emergency was declared therein.

There is not anything in the latter act which directly repeals §9 of the former act. However, there is a conflict in the penalty prescribed for the same misdemeanor in the two acts. In the prohibition act, it is provided that to the fine shall be added imprisonment in the county jail or at the Indiana state farm, for not less than thirty days, nor more than six months, while in the automobile regulation act, it is provided that to the fine *may* be added imprisonment for a term of not less than ten days and not more than six months. The two sections, relating to the same subject and enacted for the same purpose, are repugnant to each other. In 1 Lewis, Sutherland Statutory Construction §247, it is said: "An implied repeal results from some enactment the terms and necessary operation of which cannot be harmonized with the terms and necessary effect of an earlier act. In such case the later law prevails as the last expression of the legislative will; therefore the former law is constructively repealed, since it cannot be supposed that the law-making power intends to enact or continue in

force laws which are contradictions. The repugnancy being ascertained, the later act in date or position has full force, and displaces by repeal whatever in the precedent law is inconsistent with it."

Should there be an irreconcilable conflict between two statutes, a later expression of the legislature will prevail against a former one. *Swinney* v. *Ft. Wayne, etc., R. Co.* (1877), 59 Ind. 205, 217; *Shea* v. *City of Muncie* (1897), 148 Ind. 14, 46 N. E. 138. When two acts are passed at the same session of the legislature, the presumption is strong against implied repeal, and effect must be given to each if possible; but if the two are irreconcilable, the one which was approved last will prevail. *State, ex rel.,* v. *Board, etc.* (1908), 170 Ind. 595, 621, 621, 85 N. E. 513. Generally the later of two inconsistent statutes will prevail although the prior one is not to take effect until a time subsequent to the passage and taking effect of the later one. *Mesker* v. *Whitsell* (1914), 181 Ind. 120, 103 N. E. 1078; *Ex parte Sohncke* (1905), 148 Cal. 262, 82 Pac. 956; *Dewey* v. *City of Des Moines* (1897), 101 Iowa 416, 70 N. W. 605; *Belding Improvement Co.* v. *Belding* (1901), 128 Mich. 79, 87 N. W. 113; *Heilig* v. *Puyallup City Council* (1893), 7 Wash. 29, 34 Pac. 164. So far as the inconsistency between the two acts extended, §40 of the automobile act prevailed and §9 of the prohibition act was, to that extent, repealed. Instruction No. 3 was predicated on the wrong section and was erroneous. The giving of same constituted reversible error.

Objection was made by the appellant because the court overruled his motion to discharge the jury for a reason which was stated. It is not probable that this question will arise in another trial.

It is claimed that the court committed errors in admitting certain evidence. Most of this evidence was

immaterial. The admission of immaterial evidence will be treated as harmless, unless it is made to appear that the appellant was probably injured thereby in some material respect. Ewbank's Manual (2d ed.) §256. No objections were made or exceptions taken to part of the evidence about which complaint is now made. It is also contended that the court erred in excluding certain evidence. It appears that this evidence was already in the record. Appellant has not shown that reversible error occurred by the admission or exclusion of any of the evidence. As the cause is remanded for a new trial, the sufficiency of the evidence will not be considered.

The judgment is reversed, with directions to grant appellant's motion for a new trial.

### DISSENTING OPINION.

MARTIN, J.—I cannot agree with the holding of the prevailing opinion that there is an "irreconcilable conflict" between Acts 1925, ch. 48, §9 and Acts 1925, ch. 213, §40, and that the latter, in so far as there is a conflict, repeals the former.

The courts, without exception, state the general rule to be that where two acts are passed at the same session of the legislature upon the same subject-matter, the presumption against an implied repeal is especially strong, and that such acts should, even though seemingly contradictory, be construed together as one act to give effect to the provisions of each if practicable and consistent with good reason, rather than to infer that one destroys or abrogates the other; and to make one provision repeal the other by implication there must be such inconsistency, contradiction, repugnancy or conflict between them that they cannot be reconciled and made to stand together.

Acts 1925, ch. 48, §9, concerning intoxicating liquors makes unlawful the operating by any person while *under the influence of intoxicating liquors* of a motor vehicle upon *any PUBLIC highway*, and provides for a fine to which *SHALL* be added imprisonment, etc.

Acts 1925, ch. 213, §40, regulating automobiles makes unlawful the operating by any person while *under the influence of intoxicating liquor OR NARCOTIC DRUGS* of a motor vehicle upon *ANY highway* and provides for a fine to which *MAY* be added imprisonment, etc.

These acts are upon the same subject-matter and I believe they are capable of being harmonized, and can stand effectively together. Thus if allegation and proof is made, as was done in the case at bar, that a drunken driver operated an automobile on any *public* highway he may be convicted and *shall* thereupon be fined and imprisoned under §9, ch. 48, Acts 1925; and if allegation and proof is made that a drunken driver or one who is under the influence of narcotic drugs operated an automobile on *any* highway he may be convicted and fined and *may* be imprisoned under §40, ch. 213, Acts 1925.

If it be considered that there is no difference between "any public highway" and "any highway," then a reasonable reconciliation of the two statutes, allowing both to stand, would be to hold that any person found guilty of driving an automobile while under the influence of *intoxicating liquor SHALL* be imprisoned under §9 ch. 48, and that any person found guilty of driving an automobile while under the influence of *narcotic drugs MAY* be imprisoned under §40, ch. 213.

But if the two sections of these acts are in "irreconcilable conflict," the rule laid down by this court in *Holle* v. *Drudge* (1920), 190 Ind. 520, 129 N. E. 229, which is binding on us until it is overruled, would seem to require that §9, ch. 48, be held to repeal §40, ch. 213, Acts 1925, so far as any conflict exists, rather than that

§40, ch. 213, be held to repeal §9, ch. 48, which holding is predicated upon several foreign cases cited in the opinion. It is a well-known rule that legislative acts speak from the time they become effective. Section 9, ch. 48, became effective April 25, 1925, while §40, ch. 213, which declared an emergency, became effective March 14, 1925. In *Holle* v. *Drudge, supra,* as here, two acts were enacted at the same session of the legislature and in that case they were approved the same day. Chapter 152 (acts 1905) went into effect at once by reason of an emergency clause, while ch. 157 declared no emergency. This court said: "The latter act (ch. 157) having taken effect fifty days later than the other (ch. 152) would be deemed the latest expression of the legislative will, in so far, if at all, as there was an irreconcilable conflict between the two."