Argued March 31; affirmed May 9; rehearing denied June 20, 1933

## DALY ET AL. *v.* HORSEFLY IRRIGATION DISTRICT

(21 P. (2d) 787)

442

*A. L. Leavitt,* of Klamath Falls (Clarence A. Humble, of Klamath Falls, on the brief), for appellants.

*John Irwin,* of Klamath Falls (O'Neill & Irwin, of Klamath Falls, on the brief), for respondent.

KELLY, J. The real property involved in this suit is located within the territorial limits of defend-

ant, The Horsefly Irrigation District, in Klamath county. The taxes assessed against said property for the years 1928 and 1929 were not paid. After the expiration of six months from the date of delinquency, a certificate of delinquency against such property for the amount of the tax levied thereon by such irrigation district was issued by the sheriff in favor of said irrigation district. This certificate of delinquency was foreclosed by suit in the circuit court of that county, defendants therein, who are the plaintiffs herein, each being personally served and failing to appear in said suit but making default therein. At the foreclosure sale of said property, defendant became the purchaser.

There are three chapters of the General Laws for 1929 which we must consider in determining the question here involved. One of them is chapter 240, another is chapter 404, and the third is chapter 150. Chapter 240 comprises sections 69-802, 69-803, 69-804 and 69-805, Oregon Code 1930; chapter 404 constitutes sections 48-808 and 48-809 ibid; and chapter 150 is section 69-816 ibid. For greater clarity, reference herein will be made to said chapters by their numbers, and not to said sections.

The question to be determined is whether or not this foreclosure proceeding is valid.

Plaintiffs argue that it is invalid. That argument is based upon the claim that the statute authorizing the sheriff to issue such a certificate of delinquency as the one in suit, being said chapter 240, is incongruous and irreconcilable with said chapters 404 and 150; that said chapters 404 and 150 control; and, hence, chapter 240 is without effect.

██ Chapter 240 was approved by the governor on February 28, 1929. It had no emergency clause. It went into effect on June 4, 1929.

Chapter 404 was approved by the governor March 8, 1929. It carried an emergency clause and hence went into effect upon its approval. Chapter 150 was approved by the governor on February 21, 1929. It had no emergency clause and therefore became effective on June 4, 1929. Section 28, article IV, of the Oregon Constitution, provides:

"No act shall take effect until ninety days from the end of the session at which the same shall have been passed, except in case of emergency; which emergency shall be declared in the preamble or in the body of the law".

The 1929 session of the legislature adjourned on March 4, 1929.

■ It will be seen that the rule under which chapter 404 will control, if in conflict with chapter 240, is that where two acts are passed at the same session of the legislative assembly, the later one to be approved is deemed to be the later declaration of the legislative will, although by reason of its emergency clause it took effect earlier than the other. *Dewey v. City of Des Moines,* 101 Iowa 416 (70 N. W. 605); *Belding Land & Improvement Co. v. City of Belding,* 128 Mich. 79 (87 N. W. 113); *Board of Education v. Tafoya,* 6 N. M. 292 (27 P. 616); *City of Sturgis v. Christenson Bros. Co.,* 235 Ky. 346 (31 S. W. (2d) 386); *Heilig v. City Council of Puyallup,* 7 Wash. 29 (34 P. 164).

In the case last cited, the Supreme Court of Washington, speaking through Mr. Justice Stiles, say:

"* * * Where two conflicting acts upon the same subject-matter are passed at the same session of the legislature, and their conflict is such that they can not be harmonized and stand together, and one of them contains an emergency clause, and the other does not, that one containing the emergency clause must be taken

to overcome the other. The simple fact of there being an emergency clause would tend to show that the subject-matter of the act was more clearly and pointedly before the legislature than the subject-matter of the other act. In this case the second act had the additional argument in its favor that it was actually passed by both houses of the legislature after the first one''.

■ '' 'Statutes which are not inconsistent with one another, and which relate to the same subject-matter, are *in pari materia,* and should be construed together; and effect should be given to them all, although they contain no reference to one another, and were passed at different times.'

''Acts in pari materia should be construed together and so as to harmonize and give effect to their various provisions. This is especially the case when the acts are passed at the same session. It is to be presumed that different acts passed at the same session of the legislature are imbued by the same spirit and actuated by the same policy and they should be construed each in the light of the other. Statutes constituting a system should be so construed as to make that system consistent in all its parts and uniform in its operation. As said by the supreme court of Massachusetts:

■ '' 'Where statutes are part of a general system relating to the same class of subjects, and rest upon the same reason, they should be so construed, if possible, as to be uniform in their application and in the results which they accomplish' ''. II Lewis' Sutherland on Statutory Construction (2d Ed.), § 443, p. 844, et seq.

Plaintiffs urge that the only method provided for the collection of the state and county delinquent taxes is that which is authorized by said chapter 150, and that it will be nullified if chapter 240 is deemed to be valid.

The first sentence of chapter 150 provides that:

"After the expiration of three years from the date of delinquency, when any property remains on the tax rolls for which no certificate of delinquency has been issued, the sheriff shall proceed to issue certificates of delinquency on said property to the county, and shall file said certificates, when completed, with the county clerk".

This provision was enacted as part of the general system of taxation in 1907 (chapter 267, Session Laws, 1907, p. 469, § 42); and in each succeeding amendatory act it has remained unchanged.

Plaintiffs insist that under the rule, expressio unius est exclusio alterius, if a certificate of delinquency has been issued, as in this case, to an irrigation district for delinquent taxes levied by such irrigation district, the provision just quoted, of chapter 150, would not warrant the issuance of a certificate of delinquency to the county for delinquent taxes levied for general governmental purposes.

Bearing in mind the canon of statutory construction that a special act on a given subject will be considered an exception to the general act which standing alone would include the same subject and conflict with the special act (*Perrault v. Robinson*, 29 Idaho 267 (158 P. 1074); *Ex parte Perry*, 71 Fla. 250 (71 So. 174)); that statutes on the same subject whether passed at the same or different sessions of the legislature, but particularly if passed at the same session, should receive a construction, if possible, which will give effect to each of them (*Winslow v. Fleischner et al.*, 112 Or. 23 (228 P. 101, 34 A. L. R. 826); *Benson v. Withycombe*, 84 Or. 652 (166 P. 41), and cases there cited; *Naylor et al., v. Board of Education of Fulton County et al.*, 216 Ky. 766 (288 S. W. 690)), and that the maxim just

quoted is not of universal application, but is applied only as an aid in arriving at intention and not to defeat the apparent intention. (25 R. C. L. 983, § 230, citing *United States v. Barnes*, 22 U. S. 513 (32 S. Ct. 117, 56 L. Ed. 291); *People v. Gibson*, 53 Colo. 231 (125 P. 531, Ann. Cas. 1914B, 138); *State Public Utilities Com. v. Monarch Refrigerating Co.*, 267 Ill. 528 (108 N. E. 716, Ann. Cas. 1916A, 528); *State v. Cleveland*, 83 Ohio St. 61 (93 N. E. 467, 21 Ann. Cas. 1284)), we are unable to agree with plaintiffs upon this question.

■ By construing the above quoted sentence of chapter 150 as if it expressly provided that after the specified three years, where any property remains on the tax rolls for which no certificate of delinquency for all of the taxes there shown has been issued, the sheriff shall proceed to issue certificates of delinquency on said property to the county as to those delinquent taxes for which no other certificate of delinquency has theretofore been issued, and shall file said certificates, when completed, with the county clerk, we think that the intention of the legislature reflected by the respective statutes under consideration will be given effect; and such is the construction we adopt.

■ Whether in any case an irrigation or drainage district acts under the provisions of chapter 404, pays the general taxes and takes a certificate of delinquency for all of the taxes assessed, or proceeds under the provisions of chapter 240, without paying any of the general taxes, to take a certificate of delinquency for the delinquent taxes levied by the district is optional with such district.

We do not mean that by a foreclosure of a certificate of delinquency merely for taxes levied by an irri-

gation district, the lien of the county for general taxes may be impaired or destroyed. *Studley v. Luse,* 89 Or. 338 (173 P. 1182). No claim is made by plaintiffs herein that they acquired title to the property in suit through foreclosure of a certificate of delinquency for state and county taxes, which constituted a lien on said property when defendant purchased the same, and hence that question is not before us.

 As stated, the record discloses a transfer to defendant of the property in suit, which transfer is based upon the foreclosure of a certificate of delinquency for taxes levied against said property. The statute authorizing the issuance of said certificate of delinquency (chapter 240 aforesaid), being valid, personal service of summons in said foreclosure suit having been made, and the court having had jurisdiction of the parties and of the subject-matter, we are constrained to hold that between the parties hereto, by virtue of said decree of foreclosure and the sale thereunder, the equities are with defendant; and that no error was committed by the circuit court in dismissing plaintiffs' complaint.

Decree of the circuit court is affirmed.

ROSSMAN and BELT, JJ., concur.

RAND, C. J., did not participate in this opinion.