Argued March 21, affirmed as modified April 14, reconsideration
denied April 30, petition for review denied May 13, 1975

## CITY OF ST. HELENS, *Appellant, v.*
## COLUMBIA COUNTY ET AL, *Respondents.*

533 P2d 1401

*Harold L. Olsen,* St. Helens, argued the cause for appellant. With him on the brief were Vagt, Olsen & Coon, St. Helens.

*John F. Hunnicutt,* St. Helens, argued the cause and filed the brief for respondents.

Before SCHWAB, Chief Judge, and FOLEY and HOWELL, Judges.

HOWELL, J., Pro Tempore.

This is a declaratory judgment proceeding to determine the respective rights of the plaintiff, the City of St. Helens, and the defendant, Columbia County, with regard to the disposition of certain fines collected as a result of de novo criminal appeals to the circuit court from the municipal court. Specifically, plaintiff seeks a judgment declaring that all the fines collected in two traffic cases appealed to the Circuit Court for Columbia County should be remitted to the City. The Circuit Court held for the defendant and ruled that the county is "entitled to retain one-half of all fines collected as the result of de novo criminal appeals from the plaintiff's municipal court." The plaintiff appeals.

The two traffic cases involved in this proceeding were each the result of a citation issued by a city police officer for violation of a city ordinance. The cases were prosecuted by the city attorney in municipal court

and in circuit court. The first case was tried de novo and the defendant was fined $20. In the second case, the defendant pleaded guilty to a lesser charge and was fined $50.

The result of this case rests on the interpretation of two conflicting statutes. The City relies on ORS 221.390 for the proposition that, in an appeal from municipal court, the county shall remit the entire fine to the city. ORS 221.390 provides:

"(1) When any person convicted in a municipal court appeals to the circuit court as provided in ORS 221.350 and 221.360, such person shall be tried in the circuit court pursuant to the statutes which prescribe the procedure for trial of violations of the criminal statutes of the state, except that the prosecution shall be handled by an attorney provided by the city from the municipal court from which the appeal was taken.

"(2) Within 10 days following the return of the verdict in the circuit court, the county clerk shall notify the recorder or corresponding officer of the city, in writing, of the outcome of the trial, and shall give like notice of any sentence imposed.

"(3) Upon a verdict of guilty the circuit judge may impose any sentence within the limits prescribed by the charter or ordinance for violation of which the conviction was had, and if a fine is imposed, it shall be paid to the county clerk and by him remitted, on or before the 10th day of the following month, to the proper city officer.

"(4) This section does not apply where the appeal involves only an issue of constitutionality of the charter or ordinance."

The county, on the other hand, relies on ORS 484.250 as authority for the proposition that, in traffic cases initiated by the city and tried in state court, the county is entitled to retain one-half of all fines collected. ORS 484.250 provides, in relevant part:

"(1) One-half of all fines, costs and forfeited

bail collected by the judge, magistrate or clerk of a court having jurisdiction of a traffic offense shall be paid as follows:

"(a) If collected in a state court, to the treasurer of the county in which the offense occurred.

"(b) If collected in a city court, to the city treasurer.

"(2) The other half of such fines, costs and bail shall be paid as follows:

"* * * * *.

"(c) If resulting from prosecutions initiated by or from arrests or complaints made by a city policeman, to the treasurer of the city, municipal or quasi-municipal corporation by whom such policeman is employed.

"* * * * * *."

■ We feel that ORS 484.250 is the controlling statute in this case. As noted above, we are concerned here with the violation of a municipal ordinance. ORS 484.250 specifically provides for the disposition of fines collected in "a court having jurisdiction of a traffic offense." Traffic offense, as used in the statute, includes both state traffic offenses and "the violation of a traffic ordinance of a city." ORS 484.010(4), (10).

■ ORS 484.250 (Or Laws 1959, ch 664) is in conflict with ORS 221.390, passed in 1951, insofar as it relates to traffic offenses. We must give controlling effect to the last statement of legislative will. As stated by 2A Sutherland on Statutory Construction 290, § 51.02 (4th ed 1973):

"* * * [I]f there is an irreconcilable conflict between the new provision and the prior statutes relating to the same subject matter, the new provision will control as it is the later expression of the legislature. [Footnote omitted.]"

*See also Daly v. Horsefly Irrigation District,* 143 Or 441, 21 P2d 787 (1933).

Our conclusion that ORS 484.250 is the controlling statute is also supported by reference to the legislative history of that statute. That history, while not conclusive, indicates that it was the legislative intent to divide a fine between the governmental unit paying for the police officer, and the governmental unit paying for the court.[1]

■ However, we note that the order of the circuit court in the instant case declared that "the defendants [the county] herein are entitled to retain one-half of all fines collected as the result of de novo criminal appeals from plaintiff's municipal court." This order is overbroad and must be modified. ORS 484.250, providing that the county is entitled to retain one-half of certain fines collected, deals only with traffic offenses. With regard to nontraffic de novo criminal appeals, ORS 221.390 is the operative statute and would require the county clerk to remit all fines imposed to the proper city officer.

In summary, we hold that in de novo appeals in circuit court arising from traffic offense convictions in municipal court in which the arrest or complaint was made by a city policeman, the county clerk shall remit one-half of the fine collected to the appropriate city official. The other half of said fine shall be retained by the county.

Affirmed as modified.

---

[1] *See* Report of Legis. Interim Comm. on Judicial Administration, Part 1 at 95 (Jan. 1, 1959).