*180 OPINION of the Court, by
Judge Owsley.
Adam*, having title to a tract of 1000 acres of land, sold to Conner 200 acres, part thereof, and gave his obligation for a-title thereto. Conner settled upon the land purchased from Adams, and made valuable improvements thereon. Payne, claiming the land under an adverse superior title, commenced an ejectment to recover the same. The declaratibn in ejectment having been served on Conner, both him and Adams appeared in court, and on their motion obtained au order tobe jnade admitting diem defendants to defend for Conner, the tenant in possession, and pleaded not guilty.
On the trial at the September term 1811, a verdict was found for Payne, and judgment awarded him for *181 his term to come in the land in the declaration described, &c. At the same term, on the motion of Conner and Adams, commissioners were appointed to ascertain the rents and profits, &c. The commissioners ac-cordiegly met on the land, ascertained the improvements, rents, &c. and made report to thelFebruarv term 1812. A motion was then made by Payne to quash the report, which was overruled, and judgment awarded Conner for the balance reported by the commissioners in his favor. From this judgment Payne has prosecuted this appeal. ,
Jf the occu. pant claims the benefit of the act holding part of a furvey, the commilfioners íhould _ report the value of the land held by h\nu
An occupant holding by bond for a convey.* anee from the patentee's with in the provifions of the ftatute-
If two occu, pants join in dej fence of the e+ jectment, yet the report of the commillu oners ihouH ÍUte the fepa-; rate value of the . rejpectwa parcels held by each.
Whether the court below erred in awarding judgment in favor of Conner for the amount of his improvements as reported by the commissioners, is the main question for determination in this cause.
The remedy pursued by Conner in this case, and the power exercised by the court in awarding judgment in his favor, was given by the act of February session of 1797. It is, however, contended ou the part of Payne, that those provisions of the act of 1797 under which the proceedings in this cause ware had, are repealed by the act of 1812 ; and hence it is inferred the court was not authorised by law to award judgment. Were the act of 1797 altogether repealed by the act of 1812, the conclusion would be admitted that the court erred in giving judgment: for it is clear that where a statute giving a remedy unknown to the common law is repéal-ed, the power of courts to give relief under the statute necessarily ceases. Whether, therefore, the provisions of the act of 1797, in relation to the present cause, are repealed by the act of 1812, forms a necessary inquiry. By the last section of the latter of those acts, it is provided that “all acts or parts of acts coming within the purview thereof shall be and the same are thereby rer pealed.” Whether this section repeals the act of 1797 depends upon the construction to be given the term purview. The meaning usually attached to this term by writers on law, seems to be the enacting part of a statute, in contradistinction to the preamble j and we think the provision of the act repealing all acts or párts of acts coming within its purview, should be understood as repealing all acts in relation to all cases which are provided for by the repealing act; and that the provisions of jio act are thereby repealed in relation to cases not pro *182 vided for by it. That the present cape is not provided ^or uy l*le act 1^12, we think evident. Payne had proved his the superior claim and obtained judgment of . eviction before the passage of the act of 1812; and from an inspection of the first section of that act it is clear it embrac^ those cases only where lands had been seated and improved, or might thereafter be seated and improved by persons supposing them their own, but which should thereafter prove to belong , to another. The right of the parties in the present contest must, therefore, be determined by the act pf 1797.
Whether the report of the commissioners is correct, according to that act, remains for consideration. The aggregate value of the land claimed both by Conner and Adams, without regard to the specific value of the claim of each, was made and reported by the commissioners. To this report it is objected the value of Conner’s claim should have been separately taken, and report thereof made to the court. Whether this objection is sustainable, depends upon Conner’s right, under the act of 1797, to obtain pav for his improvements : for if his claim, as derived frorp Adams, gave him a right to recover pay under the act, surely its value should have been Separately estimated, that Payne might avail himself of the provisions of the act in his favor, as well as to be made liable to those against him. The value of Conner’s land, if separately taken, probably would not exceed that of his improvements. If, therefore, he has a right under she act to obtain pay for his improvements, an estimate of the value of his land in dispute should have been made, that Payne, in the event of that value not exceeding the improvements, might exercise the Tight oí election given him under the act, to pay for the improvements or obtain pay for his land.
That Conner has brought his case within the provisions of the act of 1797, we think evident. He has shewn a purchase from Adams, who held the legal title to the land, evidenced by an obligation for a title ; and although his equity is not evidenced by matter of record, he has shewn a title in equity deduced from re ; cord.
If, then, Conner has brought his case within the act of 1797, it is clear had he made a separate.defence, and not jointly with Adams,,the value of the l$nd claimed' *183 ■.by him and in dispute with Payne, should have been alone taken. Adams having joined in the defence, it is believed cannot change the rights of either Conner or Payne.. By the order admitting Conner and Adorns defendants, they seem to have been admitted to defend for Conner ; but if their defence were coextensive with both their interests in the land, and tire judgment of Payne should be considered to extinguish the right of both to the land, still it is conceived the report of the commissioners should have been made as though separate suits had been prosecuted against them ; and consequently the value of the land claimed by each should have been taken. The commissioners not having pursued this mode of valuing the land, their report is erroneous and should have been quashed. The judgment bf the court below on the report of the commissioners is therefore erroneous, and must be reversed ; the cause .remanded to that court for further proceedings tb be had consistent with this opinion.