Glass *et al. v.* The State.

———————————●———————————

## GLASS ET AL. *v.* THE STATE.

RECOGNIZANCE.—*Suit on.*—*Criminal Courts.*—An action cannot be commenced against the bail upon a forfeited recognizance, until after the adjournment of the term of court at which the forfeiture occurred; and this rule applies to criminal courts, that hold but two terms in each year.

APPEAL from the Jefferson Common Pleas.

WORDEN, J.—Samuel Rea was indicted in the criminal court of Jefferson county for a felony, and entered into a recognizance for his appearance in that court on the 14th of November, 1870, to answer the charge, with George Glass as his surety. On the non-appearance of Rea, the recognizance was duly declared forfeited by order of the proper court.

This suit was commenced on the recognizance against both the principal and surety, on the 8th of December, 1870. The recognizance was taken on the 17th of September, 1870, and during the July term of the criminal court for that year.

The question is raised, whether the action was not prematurely brought. It appears by an answer filed, to which a

demurrer was sustained, that when the action was commenced, the July term of said criminal court had not ended, but that the court was still in session as a part of the July term aforesaid.

The act organizing the criminal court of Jefferson county provides that it shall sit on the first Mondays in January and July of each year, "and shall hold for six months if the business require it." 3 Ind. Stat. 176, sec. 2.

Sec. 47, 2 G. & H. 398, provides for declaring a recognizance forfeited. The next following section provides, that the prosecuting attorney may, at any time after the adjournment of the court, proceed by action against the bail upon the recognizance.

Under this statute, an action cannot be commenced against the bail until after the adjournment of the court at which the recognizance is declared forfeited. The forfeiture might be set aside during the term, and perhaps afterward, on good cause shown; and, indeed, the bail may surrender his principal at any time before final judgment against himself on the recognizance, and on payment of costs be discharged from all liability thereon. Sec. 44.

The creation of criminal courts with six-month terms was probably not contemplated when the above cited provision was enacted; and some legislation may be needed to prevent long delay in bringing suits in some cases upon forfeited recognizances. But if this be so, it is not matter of surprise. No new system in law is perfect in its inception. Time and experience only can develop its imperfections and indicate the needed amendments. We leave the matter in the hands of the legislature, and hold that under the law, as it now stands, an action cannot be commenced against the bail upon a forfeited recognizance until after. the adjournment of the court at which the forfeiture was declared.

The court below erred in sustaining the demurrer to the answer in question.

The judgment below is reversed, and the cause remanded.

*J. Y. Allison* and *W. T. Friedley,* for appellants.

*B. W. Hanna,* Attorney General, for the State.