Williams v. The State, ex rel. Gudgel, etc.

Nos. 10,058, 10,059, 10,060.

WILLIAMS v. THE STATE, EX REL. GUDGEL, ETC.

CRIMINAL LAW.—*Grand Jury.*—*Legality of.*—*Act of 1881.*—A grand jury empanelled and in existence at the taking effect of the act of April 15th, 1881, Acts 1881, p. 557 (R. S. 1881, sec. 1385 *et seq.*), was not discontinued by force of that act.

SAME.—*Action Upon Recognizance Bond.*—Prior to the act of April 15th, 1881, an action upon a recognizance could not be brought before the close of the term at which the forfeiture was declared; but the appointment of an adjourned term to be held after the ensuing regular term in another county of the same circuit did not prevent the bringing of such action.

SAME.—*Statute Construed.*— *Empanelling Grand Jury.*—The act of April 15th, 1881, does not repeal section 12 of the prior law concerning the selection and empanelling of grand juries.

STATUTES.—*Repeal of.*—*Purview of Act.*—The purview of an act begins with its enacting clause and ends before the repealing clause; and an act repealing acts and parts of acts within its purview repeals all acts in relation to cases provided for by the repealing act, but not acts or parts of acts in relation to cases not so provided for.

From the Posey Circuit Court.

*A. P. Hovey, W. P. Edson, E. M. Spencer* and *M. W. Pearse*, for appellant.

*W. H. Gudgel*, Prosecuting Attorney, for appellee.

WOODS, C. J.—These cases are alike. The action in each was upon a forfeited recognizance. Each complaint charges that on the 16th day of April, 1881, being the 12th day of the April term of the Posey Circuit Court, the grand jury of that court returned an indictment for grand larceny against John T. Williams, who was then and there arrested upon said charge, and did then and there in open court enter into a recognizance in the sum of $1,000, with the appellant, Asa C. Williams, as his surety, conditioned for his appearance to answer the charge on the first day of the next term of the court, etc.; that on the third day of the next term, to wit, on the 31st day of August, 1881, the said John T. Williams having failed to appear, and the appellant failing to produce his body in court, the recognizance was declared forfeited.

To this complaint the appellant in each case filed a verified plea in abatement, wherein it is alleged " that the recognizance set forth in plaintiff's complaint was forfeited on the 3d day of September of the August term of this court; that this court was afterwards adjourned from the — day of September, 1881, to the 7th day of November, 1881, all being within the August term of this court; that said plaintiff commenced this suit during the August term of this court, to wit, on the 24th day of September, 1881, being the same term at which said forfeiture was made." The court sustained a demurrer to each of these pleas. The appellant excepted to the ruling, and then filed in each case an answer in two paragraphs, both to the effect that the grand jury which returned the indictment was empanelled on the 5th day of April, 1881, and on the 15th of that month ceased to have a lawful existence, by force of the statute concerning juries, which was approved and took effect on that day (Acts 1881, p. 557), and that, consequently, the indictments returned by that jury on the 16th day of that month were null and void, and afforded no support for the warrants ordered to be issued thereon, by virtue of which alone the accused was arrested, brought into court and required to give the recognizance sued on. The court overruled demurrers to these answers, and, upon issues joined, found for the State in each case, and gave judgment for the amount of the recognizance. The appellant alleges error in the ruling upon his pleas in abatement, and in the overruling of his motion for a new trial. Concerning the plea in abatement, counsel for the appellant say:

"The recognizance was taken under the statutes of 1852, and was forfeited after the acts of 1881 were in force. Can an action be brought on such a recognizance at the same term of its forfeiture? By the law in force when the recognizance was made, no action could be brought until the next succeeding term. In other words, the recognizors had until the last hour of the last day of the term to appear and save their re-

cognizance. The recognizance was given April 16th, 1881, for the appearance of the accused at the next term of the court. The next term commenced in August, and continued until November, 1881. Before the expiration of the term, on the 24th day of September, 1881, this suit was commenced."

By the act of January 21st, 1881, Acts 1881, p. 44, fixing the terms of court in the first circuit, it is provided that the courts shall begin in Posey county, on the last Monday in August, the second Monday in November, etc., and continue three weeks, and in Vanderburgh county on the Monday succeeding the courts in the county of Posey, and continue seven weeks. It is evident, therefore, that the term at which the forfeiture was declared had ended, and the term in Vanderburgh county was on, when the suit was commenced, and notwithstanding an adjourned term of the Posey Circuit Court had been appointed for the 7th day of November ensuing, we think, independently of the provision in the law of 1881, R. S. 1881, sec. 1722, the suit was not prematurely brought. There is nothing in *Glass* v. *State*, 39 Ind. 205, inconsistent with this conclusion.

We do not think that the indictment in question was null and void, and if there was any reason for which it might, upon motion or plea in abatement, have been set aside, the motion or plea should have been made in the ordinary way, and not in this action where the attack upon the record of the empanelling of the grand jury and of the return of the indictment is essentially collateral, and should not be considered with favor, if, indeed, it be deemed at all permissible. There would seem to be no more propriety in admitting such a plea as this than in allowing the action to be defeated on the ground that the indictment might have been quashed for defect in the statement of the offence, or for failure to charge an offence under the law. See *State* v. *Wenzel*, 77 Ind. 428.

The act of April 15th, 1881, provided a new mode for selecting grand jurors, that is to say, by commissioners to be

appointed by the court during last term of the year, except that for the year 1881 they were to be appointed " at the first term of the circuit which may be in session after this act takes effect." The repealing clause embraces "All laws within the purview of this act, and inconsistent with it."

It were a strained construction to say that this enactment terminated the existence and powers of grand juries then serving in courts in session at the time when the act took effect; but if it were conceded, as is contended, that a grand jury exists only by statute, and must fall with the repeal of the law under which it was organized, unless there be a saving clause in the repealing act, still there remained the provision of law, 2 R. S. 1876, p. 419, section 12, that "No plea in abatement, or other objection shall be taken to any grand jury duly charged and sworn, for any alleged irregularity in their selection, unless such irregularity, in the opinion of the court, amounts to corruption, in which case such plea or objection shall be received." This section of the former law is in no manner inconsistent with the enactment of 1881, and saves the acts of the grand jury in question, done under the sanction of the court, though it should be conceded that from the taking effect of that law the further employment of such jury was irregular.

The purview of an act begins with the enacting clause and ends before the repealing clause. Bouvier Law Dict. In *Payne* v. *Conner*, 3 Bibb, 180, it is said : " The meaning usually attached to this term by writers on law seems to be the enacting part of a statute in contradistinction to the preamble ; and we think the provision of the act repealing all acts or parts of acts coming within its purview, should be understood as repealing all acts in relation to all cases which are provided for by the repealing act; and that the provisions of no act are thereby repealed in relation to cases not provided for by it."

In order to come within the repealing clause of the act of

April 15th, 1881, the matter must not only be within the purview, but inconsistent with that act. Section 12, *supra*, is neither within the purview of that act nor inconsistent with it, and is still in force.

Judgment affirmed, with costs.