## Head v. Commonwealth.

(Decided June 18, 1915.)

### Appeal from Boyd Circuit Court.

1. Statutes—How May Be Repealed—When Repugnant.—A statute may be repealed, expressly, or by implication, and if two statutes

are repugnant to each other, the later statute must prevail, as it is the latest expression of the legislative will.

2. Statutes—Repeal by Implication Not Favored.—The rule, that the repeal of statutes by implication, is not favored, means that it is the duty of the court to construe the acts if possible, so that both shall be operative; and if they can be read together without contradiction or absurdity, they shall be read together and both have effect.

3. Statutes—Later Statute—Repeal—If a later statute covers the same subject as a former one, and repeals all acts and parts of acts, which come within its purview, it repeals all acts in relation to cases, which are provided for by the repealing act.

4. Statutes—Repeal.—If a statute manifestly intends to regulate the whole subject to which it relates, it supersedes and repeals all former acts, so far as it differs from them in its prescriptions.

J. I. BLANTON, E. B. HAGER, GEORGE B. MARTIN and EMMETT M. DICKSON for appellant.

JAMES GARNETT, Attorney General, and M. M. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

On the 23rd day of January, 1915, an indictment was returned in the Boyd circuit court against the appellant, J. S. Head, Jr., which accused him of the crime of false swearing, committed by verifying under oath knowingly a false report of the Citizens Bank & Trust Company made to the Banking Commissioner, as required by Sub-section 10, of Section 165a, Chapter 9a, of the Kentucky Statutes, Carroll 1915. The indictment was found under the provisions of Sections 1174 and 1175, of the Kentucky Statutes. Thereafter, on the 29th day of April, 1915, upon motion of the attorney for the Commonwealth, this indictment was quashed, and referred to the grand jury for further action. On the 30th day of April, 1915, the grand jury returned another indictment in place of the one quashed. This indictment charged the appellant with the crime of false swearing, committed by the appellant, on the 8th day of April, 1914, and at a time when he was cashier of the Citizens Bank & Trust Company, which was a banking corporation and duly authorized to do business under the laws of the State of Kentucky, and carrying on a banking business in Ashland, Kentucky, by unlawfully, willfully, feloniously, and knowingly verifying and making oath to a certain written and printed report, to the Banking Commissioner of the State of Kentucky, of the condi-

tion of the bank at the close of business on April 8th, 1914, which was the day and date designated by the Banking Commissioner for the banking corporation to make a report of its condition. The report was one which was required by law to be made under oath by the president or the cashier of the banking corporation to the Banking Commissioner of the State, by Sub-section 10, of Section 165a, Chapter 9a, of Kentucky Statutes. The indictment further alleged that the report was false and known to be false by the appellant, at the time he verified it, in certain material parts, which were specifically set out in the indictment, and that each of the statements was a material statement in the report, and was one required to be contained in the report, and that the report was made to the Banking Commissioner and sworn to by the appellant, as the cashier of the banking corporation, and that he knew at the time he did so, that the report was false and untrue in each of the material particulars complained of, and all of which was alleged to be contrary to the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky. Upon this indictment the appellant was brought to trial, when, before he plead to the indictment, he filed a general demurrer to the indictment, which was overruled by the court, and to which the appellant excepted. The trial resulted in a verdict of guilty by the jury, which fixed his penalty at a term, the minimum of which was one year and the maximum of which was one year and one day in the penitentiary, and judgment was rendered against him by the court in accordance with the verdict of the jury.

The appellant filed grounds and moved the court to set aside the verdict of the jury and the judgment of the court, and to grant him a new trial, but the motion and grounds were overruled, to which he excepted. One of the grounds relied upon by the appellant was the alleged error of the court in overruling his demurrer to the indictment. Many other grounds were relied upon, but we do not consider it necessary to advert to them.

The ground upon which the demurrer was based was that Sections 1174 and 1175, *supra,* were repealed, so far as they denounced any penalty and punishment against an officer of a banking corporation, because of any false report made to the Banking Commissioner, by the provisions of Chapter 9a, Section 165a, and its sub-

sections, *supra,* and that making a false report, by the laws relating to banking in force at the time that the alleged offense was committed and at the time of the indictment and trial, was not the crime of false swearing, and that the penalties denounced against false swearing no longer applied to the act of making a false report by an officer of a banking corporation to the Banking Commissioner of the State and that in making such false report, he was guilty of a different offense from the one charged.

Sections 1174 and 1175, *supra,* are as follows:

Section 1174: "If any person, in any matter which is or may be judicially pending, or on any subject in which he can legally be sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall willfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years."

Section 1175: "If any certificate or written statement be made or written notice given, by the officers of any company incorporated by the laws of this Commonwealth, which is required to be verified by oath, and is so sworn to, be false in any material part, each person who swore to the same, knowing it to be false, shall be guilty of false swearing, and, on conviction, be confined in the penitentiary not less than one nor more than five years."

Under the provisions of the two statutes above set forth, there is no doubt that the acts charged against appellant in the indictment constituted the crime of false swearing, as defined in those statutes, and for his guilt, he could have been prosecuted and punished for the crime of false swearing.

The legislative session of 1912, however, created a statute establishing a department of banking, which seems to have been intended to control the entire matter of the regulation and examination of the banking institutions of the State. This act was approved on the 1st day of March, 1912. Section 10, of that act, provided, that every bank, whenever required by the Banking Commissioner, but not to exceed five times in any year, unless for cause, the commissioner deemed additional reports necessary to gain complete information, should make a report in writing to him, verified by the oath of its president or vice-president, or secretary, or cash-

ier, or two principal officers. Such report was required to show the actual condition of the bank making the report at the close of business, on any date designated by the Commissioner. This section then set out with particularity, the things about which the bank should report, and the report therein required to be made was the kind of report for which the appellant was indicted for making, and knowingly verifying it on oath, when he knew that it contained false statements.

Sub-section 9, of Section 165a, prescribes the fees to be paid to the Banking Commissioner for filing reports to be made to him by the banks.

Sub-section 12 provides that the Banking Commissioner shall make a call upon each bank at least twice in each year, to publish a condensed statement of its financial condition, and a copy of it, certified by the publisher, shall be sent to the Banking Commissioner.

Sub-section 13, of the act, prescribes the penalties for violation of the requirements of the act. It provides: "That if any deputy banking commissioner, or any state bank examiner shall have knowledge of the insolvency or unsafe condition of any bank, subject to examination under this act, and that it is unsafe or inexpedient to permit it to conduct business, and fails to forthwith report such facts to the banking commissioner, or shall disclose contrary to the provisions of this act, any information obtained by him, or shall violate any of the provisions of the act, or fail to perform any duty, he shall forfeit his office and be fined for each offense not less than one hundred dollars nor more than two thousand dollars.

"If the Banking Commissioner fails to perform any duty required of him, or violates any of the provisions of the act, he shall forfeit his office and be fined for each offense not less than five hundred dollars nor more than five thousand dollars.

"If any bank knowingly fails to make a report required by law, within the time designated for the making of it, or fails to include in it any matter required by law, or fails to publish any report within thirty days after the time when it should have been published, or fails to pay the fees due for filing reports or for an examination, it shall be subject to a penalty of twenty-five dollars for each day it shall be delinquent, not to exceed two hundred and fifty dollars in all."

Another section of Sub-section 13 is as follows:

"Every person who, or bank which willfully makes or transmits a false report, or refuses to submit its books, papers or assets for examination, or any officer of such bank who refuses to be examined under oath touching the concerns of such bank, severally, shall be fined not less than one hundred dollars nor more than five hundred dollars.

"Whenever any such officer, person, or bank becomes liable to any penalty imposed by this act, and fails to pay it, or the Banking Commissioner, Deputy Banking Commissioner, or any State Bank Examiner becomes liable to any penalty imposed by this act, the Attorney General shall institute a penal action against such delinquent person, bank, or officer, in the name of the Commonwealth of Kentucky, in the Franklin Circuit Court, or in the circuit court of the county in which such offense is committed for the recovery of such penalty, and all sums collected in such actions shall be paid into the State Treasury."

The last clause, which is 23, of Section 165a, is as follows:

"All acts and parts of acts in conflict with this act are hereby repealed."

False swearing is an offense created by statute, and Section 1174, *supra,* describes what false swearing consists of. Section 1175, *supra,* provides, that where any certificate or written statement is made or written notice given by the officers of any company incorporated by the laws of this State which certificate or written statement or notice is required to be verified on oath and is sworn to, and it is false in any material part, the person so doing it, knowing it to be false, shall be guilty of false swearing. The statute of 1912, *supra,* provides by Section 10, that the banks shall make, at times designated by the Banking Commissioner, reports, which shall be sworn to by some two chief officers of the bank.

Sub-section 13, *supra,* provides that any person, who willfully makes a false report, shall be punished by a fine of not less than fifty nor more than five hundred dollars. It will be observed that Section 1175, *supra,* requires the report to be false in some material part and to be sworn to, and known to be false, when sworn to, to constitute the crime of false swearing, denounced by such statute.

The offense denounced by Sub-section 13, Section 165a, *supra,* embraces the acts which constitute the above

offense of false swearing, and, also, the willful making or transmission of a false report which is not verified, as well as one which is verified by oath, and the false reports which contain statements not material, as well as those which are material. It seems that by Sub-section 13, Section 165a, the legislature intended to create a new offense of willfully making or transmitting a false report, which can only be committed by persons required to make reports under the provisions of Section 165a, and sub-sections thereof. The question for determination is: Does Sub-section 13, of Section 165a, repeal Sections 1174 and 1175, *supra,* so far as pertains to the making of a false report required by law to be made under oath, by the officers of a banking corporation to the Banking Commissioner, knowing it to be false, when sworn to, and containing false material statements? The commission of such an act was made into the crime of false swearing by the statute, 1175, *supra.* If the statute creating such an offense out of such an act is repealed, then the commission of such an act is not false swearing, and one cannot be indicted nor convicted for false swearing for the commission of such an act. If Sections 1174 and 1175, *supra,* are not repealed, in so far as they denounce a crime and penalty against the officers of a banking institution, which makes a false report to the Banking Commissioner, we have the condition presented, that if an officer of a banking corporation makes and swears to a false report to the Banking Commissioner, containing material statements, and known at the time to be false, such officer is guilty of false swearing, and may be convicted of such felony and confined in the penitentiary, for from one to five years, under Section 1175, *supra,* and he is, also, guilty of willfully making a false report which, also, includes the crime above described and may be convicted of such offense under the provisions of Sub-section 13, Section 165a, and fined from fifty to five hundred dollars for an offense which is only a misdemeanor. The offense of willfully making or transmitting a false report is not a degree of the crime of false swearing. The report required by Sub-section 10, of Section 165a, to be made by the officers of a banking corporation to the Banking Commissioner, is required to be sworn to, but the punishment for the one who willfully makes a false report, under that section, according to Sub-section 13, of the same act, is a fine in the sum of not less than fifty nor

more than five hundred dollars, and the punishment may not be imposed by an indictment, but by a penal action, instituted by the Attorney General, in the name of the State, in either the Franklin circuit court or in the circuit court of the county where the offense was committed. It seems that the legislature, by the enactment of the Act of 1912, and as amended in 1914, and which now constitutes Chapter 9a, Section 165a, and its sub-sections, undertook to devise a complete system for the regulation and examination of the banking institutions, and the enforcement of the provisions of that law, by penalties, and each of the offenses created by the act, and for which a punishment is provided, is a misdemeanor, and not a felony, and the collection of the penal-ties is to be accomplished by penal actions, instituted by the Attorney General. The offense denounced by Sub-section 13, of 165a, includes the acts for which the appellant was indicted, as the terms used are, "every person who willfully makes or transmits a false report." The description in the indictment of the offense charged, is conclusive that the false report alleged to have been made by the appellant, is the report required to be made by Sub-section 10, of Section 165a, and required to be verified.

It follows, that if Sections 1174 and 1175, *supra,* are repealed by Sub-section 13, of Section 165a, so far as relates to the making of a false report by the officers of a bank to the Banking Commissioner that the acts con-stituting the offense described in the indictment do not constitute the offense of false swearing, and cannot be punished by indictment, but constitute the offense of willfully making a false report, which is punishable by a fine, and it must be assessed in a penal action by the Attorney General, in the name of the State.

A statute may be repealed expressly or may be done by implication. If the two statutes are repugnant to each other, the later statute must prevail, as it is the latest expression of the legislative will. Assuming that the legislature knew at the time of the enactment of the Act of 1912, that an officer of a bank making a false verified report to the Secretary of State, was subject to the penalties denounced by Section 1174, *supra,* and was guilty of false swearing by the provisions of 1175, *supra,* it cannot be assumed that it did not intend, by the enactment of Sub-sections 10 and 13, of Section 165a, by which an offense was created, which included the of-

fense denounced by 1175, *supra,* and other similar acts, which had not theretofore been offenses, and prescribed a punishment and a means of procedure to enforce the penalties, to repeal Sections 1174 and 1175, *supra,* so far as they relate to the offense of making false reports by officers of banks to the Banking Commissioner, and then expressly repealed all laws in conflict with the one enacted.

It is a well known rule of construction, that repeals by implication are not favored. This rule has been construed to mean, that it is the duty of the court to so construe the acts, if possible, that both shall be operative, and if two statutes can be read together without contradiction or repugnancy or absurdity or unreasonableness, they shall be read together and both have effect.

"If by fair and reasonable interpretation, acts, which are seemingly incompatible or contradictory, may be enforced and made to operate in harmony and without absurdity, both will be upheld, and the later act will not be regarded as repealing the other by construction or intendment." Lewis' Sutherland Stat. Cons., Section 246.

The acts, in question, seem to be absolutely incompatible and contradictory, both as to the offense, which the acts charged constitutes and the punishment for same, as well as the procedure to secure the punishment.

36 Cyc., 1071, states the rule of construction to this effect:

"A later statute repeals an earlier one, if it covers the same subject, or in general terms repeals all other laws within its purview."

Sub-section 23, of 165a, *supra,* expressly, by its terms, repeals all other laws which are in conflict with it. In Payne v. Connor 3 Bibb, 180, this court held that the provisions of an act repealing all acts and parts of acts which come within its purview, should be understood as repealing all acts in relation to all cases which are provided for by the repealing act. The commission of the act of willfully making and transmitting a false report is fully cared for in 165a, and subsequent sections.

In Gorham v. Luckett, 6 B. M., this court said:

"But if a subsequent statute requires the same, and, also, more than a former statute made sufficient, this is in effect a repeal of so much of the former statute as de-

clares the sufficiency of what it prescribes. And if the last act provides and manifestly intends to regulate the whole subject to which it relates, it necessarily supercedes and repeals all former acts, so far as it differs from them in its prescriptions. The great object then is to ascertain the true interpretation of the last act; that being ascertained, the necessary consequence is, that the legislative intentions deduced from it must prevail over any prior inconsistent intentions to be deduced from a previous act.''.

In Commonwealth v. Cain, 14 Bush, 535, it was held that when there are two acts on the same subject, the rule is to give effect to both, if possible, but if the two are repugnant in their provisions, the later act without any repealing clause operates to the extent of repugnancy, as a repeal of the first, and even when the two acts are not in express terms repugnant, yet, if the later act covers the whole subject of the first and embraces new provisions, plainly showing that it was a substitute for the first act, it will operate as a repeal of that act.

Section 459, of Kentucky Statutes, says:

''All words and phrases shall be construed and understood according to the approved and common usage of the language,'' except such words and phrases as may have acquired a peculiar and appropriate meaning in the law.

The legislative will has to be determined by the meaning of the words of its enactments, and what it intends to do has to be determined from what it did do, giving to the former and later statutes, the meaning and intendment which necessarily follows from their words and contexts. It is evident that the legislature intended by the enactment of 165a, and its sub-sections, and the creation of the offense of willfully making a false report to entirely supersede Sections 1174 and 1175, supra, so far as the making of a false report to the officers of a bank, as required by the banking laws, was a violation of the statutes, last mentioned.

For the reasons indicated the demurrer ought to have been sustained and the judgment appealed from must be reversed, and the cause remanded for proceedings consistent with this opinion.