## Nuetzel, Clerk v. Keller.

(Decided October 31, 1924.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.  Statutes—Repeal by Implication Not Favored, Unless Repugnancy Makes Laws Altogether Inconsistent.—Repeal of former legislation by implication is not favored, and no such implication will prevail, unless there is such repugnancy between old and new law as to make them altogether inconsistent.

2.  Elections—Statute Permitting Registration by Mail in Cities of Over 5,000 Repealed.—Acts 1924, c. 64, repeals Ky. Stats., section

1520a-2 in so far as it permits registration by mail in cities and towns containing more than 5,000 people.

CHAS. I. DAWSON, JOHN G. HEYBURN and WM. S. KRAMMER for appellee.

ALFRED SELLIGMAN, JOSEPH LAURENT, JOHN J. DAVIS, LEON P. LEWIS and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellee Keller is a resident and voter in the thirty-third precinct of the second ward in the city of Louisville, and appellant, Nuetzel, is clerk of the Jefferson county court. Being absent from home on all regular and special registration days in the city of Louisville for this year, and, therefore, unable to register as a voter, appellee, Keller, commenced this action in the Jefferson circuit court against appellant Nuetzel, as clerk of the county court, to require that official to allow appellee to register by mail as provided in the act of 1918, commonly known as the "absent voters law." Upon hearing the chancellor held that in as much as the 1924 act, governing the general registration of voters in cities of the first, second, third and fourth classes did not directly and explicitly repeal the absent voters act of 1918, the latter is still in force and effect, being supplementary in its nature and operation to the act of 1924. The court, therefore, held appellee, Keller, entitled to register by mail as an absent voter. It is from that judgment that this appeal is prosecuted.

It is the contention of the appellant that the registration law passed by the General Assembly of 1924, and embodied in chapter 64 of the Acts of the 1924 session of the General Assembly, repealed section 1520a-2, Kentucky Statutes, in so far as that section permits registration by mail in cities and towns containing more than five thousand people.

Appellee contends that the enactment of chapter 64 of the Acts of 1924 had no such effect and that legal voters unavoidably absent from their registration places, on the days of general and special registration, may still register by mail in all the cities and towns of this state where registration is required.

The learned chancellor delivered a splendid opinion in the case, and advanced more than one reason to sup-

port his conclusion that the two acts were not inconsistent or repugnant and that the act of 1924 did not repeal, either directly or by implication, the absent voters act of 1918.

We have held in many cases that repeal of former legislation by implication is not favored by the law and that no such implication will prevail unless there is such repugnancy between the old law and the new law as to make them altogether inconsistent. The title of the act of 1924 reads:

> "An act relating to registration for elections in cities and towns having a population of 5,000 inhabitants, or more."

It appears to be a general act intended to cover the entire subject within the limits prescribed in its title, but it has no application to cities and towns having a population of less than 5,000. We so held on a motion for injunction in the recent case of Hewlett v. Springfield (not to be reported). While the new act makes no reference whatever to registration by mail it does contain a clause repealing all laws inconsistent with it. This clause reads:

> "All laws and parts of laws relating to the registration of voters in this state, conflicting with the provisions of this act, are hereby repealed."

The first section of the act reads:

> "Every citizen of the United States, not otherwise disqualified by the laws of this Commonwealth, who is twenty-one years of age, or who will become twenty-one years of age on or before the next regular election to be held in November or on or before the date of any special election, who will have been a resident of the state of Kentucky one year, and of the county six months, and of the precinct in which he or she offers to vote sixty days next preceding such election and who has been registered as provided by this act, and who is otherwise qualified, shall be entitled to vote for all officers elective by the people and on all measures or questions submitted for determination by the voters at any regular or special election."

It will be noted that the act applies to "every citizen of the United States" and of the state of Kentucky not disqualified by law, and who possesses the other qualifi-

cations of a voter set forth in the section, to register before he or she will be permitted to vote. It might be read: "Every citizen, . . . who has been registered as provided by this act . . . shall be entitled to vote." It is therefore all inclusive within the limits fixed. By specifying "every citizen who has been registered as provided by this act and who is not otherwise disqualified as a voter," it excludes by implication all other persons. We must, therefore, hold that the act under consideration is the exclusive and general law upon the subject and nullifies all other acts on the subject relating to registration of voters in cities and towns having a population of 5,000 inhabitants or more.

Provision is made in section 13 of the act for the registration of officers and employes of the United States government or of the Commonwealth of Kentucky or traveling salesmen, who are absent from their places of residence on all general and special registration days during the current year. These exceptions to the general rule provided in the act regulating the registration of voters on days other than those regularly provided for registration precludes the idea that any other person than those named, to-wit: "Officials or employes of the United States or of the Commonwealth of Kentucky, or traveling salesmen," may register at any other time than on regular or special registration days as provided in the act. In the case of Clark v. Nash, 192 Ky. 594, we held the absent voters law unconstitutional in so far as it authorized a voter to cast his ballot by mail, but we upheld so much of the act as permitted an absent voter, as described in that act, to register by mail. As the act of 1924 relates only to cities having a population of 5,000 or more, it repeals only so much of the act of 1918 with respect to registration by mail as authorizes persons residing in cities having a population of 5,000 or more to so register. It does not affect, however, the right of voters residing in cities and towns having a population of less than 5,000 to register by mail, and they may do so.

It is with regret that we find it impossible to agree with the learned chancellor in his conclusion that no part of the act of 1918 was repealed by the registration act of 1924.

Judgment reversed for proceedings consistent with this opinion. Whole court sitting.