## Martin v. Board of Trustees Greenville Graded White School District, et al.

(Decided May 25, 1928.)

### Appeal from Muhlenberg Circuit Court.

1. Schools and School Districts.—As respects election on question of issuance of bonds by graded school district to enlarge schoolhouse and provide additional equipment, Ky. Stats., Supp. 1926, sec. 4465a, added by Acts 1926, c. 79, providing that all school elections in graded school districts shall be by a secret ballot, held not impliedly to repeal section 4477, authorizing viva voce ballot, since said section 4465a relates only to election of members of school board.

2. Statutes.—Court must construe two apparently inconsistent statutes so as to harmonize them, if possible, and allow both to stand; and, where that cannot be done, court must construe them so that both will stand as far as possible, and it is only where some parts of the two are irreconcilable with each other that the prior statute will be declared to have been impliedly repealed by the later one.

3  Statutes.—The Legislature may express its will in any form, affirmative or negative, so long as it does not transgress constitutional prohibitions, and it is under no obligation to use words of express repeal; but repeal of statutes by implication is not favored by the courts, and presumption is always against intention to repeal where express terms are not used.

HUBERT MEREDITH for appellant.

EAVES & SANDIDGE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

On April 14, 1928, an election was held in the Greenville graded white common school district for the pur-

pose of taking the sense of the legal white voters of the district on the question of the issue of bonds to enlarge the schoolhouse and provide additional equipment. The election resulted in favor of the issue of the bonds. Whereupon Martin, the appellant, began this action, and he contests the validity of the election because it was held under a viva voce ballot as provided by section 4477, Kentucky Statutes, Supp. 1926, and it is Martin's contention that this election should have been held by secret ballot as provided by section 4465a, Kentucky Statutes; this last statute being chapter 79 of the Acts of the General Assembly for 1926. The trial court sustained the validity of the election, and the correctness of that action is the question that is before us.

It is admitted that this election was in all respects regularly and properly held, unless it should be that, instead of holding it under a viva voce ballot, as provided by section 4477, it should have been by secret ballot. Section 4465a is a later act than section 4477, and inconsistent provisions of section 4477 would be impliedly repealed by the later act. There is nothing in section 4465a that would indicate any purpose on the part of the Legislature to in any way repeal or affect the provisions of section 4477, except this one sentence: "All school elections in graded school districts shall be by secret ballot." But when that one sentence is read in connection with the remainder of the act, it seems to be quite clear that the Legislature, in the enactment of section 4465a, had in mind only the election of members of the school board, and, when the title of the act is examined, the last vestige of doubt disappears, for in the title it is declared to be an act relating to the manner of election of board members in graded school districts and providing for such election by secret ballot. The court must construe two apparently inconsistent statutes so as to harmonize them, if possible, and allow both to stand; and, where that cannot be done the court must construe them so that both will stand as far as possible. It is only where some parts of the two are irreconcilable with each other that the courts will declare the former statute to have been impliedly repealed by the latter one. See Commonwealth v. International Harvester Co., 131 Ky. 551, 115 S. W. 703, 133 Am. St. Rep. 256; American Tobacco Co. v. Com. (Ky.) 115 S. W. 755. The Legislature may express its will in any form, affirmative or negative, that it pleases, so long as it does not transgress constitutional

prohibitions. It is under no obligation to use words of express repeal; but the repeal of statutes by implication is not favored by the courts. The presumption is always against the intention to repeal where express terms are not used. 3 Cyc. 1071. To the same effect: Head v. Commonwealth, 165 Ky. 603, 177 S. W. 731; Neutzel v. Keller, 205 Ky. 340, 265 S. W. 817; City of Newport v. Klatch, 189 Ky. 300, 224 S. W. 844. Where two acts are seemingly repugnant, they should be so construed, if possible, that the latter will not repeal the former by implication. Naylor v. Board of Education of Fulton County, 216 Ky. 766, 288 S. W. 690. Hence we conclude section 4477 was not repealed by section 4465a, and the trial court did not err in upholding the validity of this school bond election.

The judgment is affirmed.