## City of Sturgis et al. v. Christenson Brothers Company.

(Decided September 26, 1930.)

P. H. WINSTON and J. W. CAMMACK, Attorney General, for appellants.

NUNN & WALLER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On May 27, 1930, the board of council of Sturgis, a city of the fourth class, adopted an ordinance authorizing the construction of a water system for the city and providing for the issuance by the city of $75,000 of water revenue bonds under the provisions of chapter 133 of the Acts of the General Assembly of 1926, as amended by chapter 92 of the Acts of the General Assembly of 1930, now sections 2741*l*-1 to 2741*l*-20, inclusive, Kentucky Statutes, 1930 Supplement. On June 10, 1930, the board of council adopted an ordinance providing for the employment of engineers to design the proposed waterworks system, directing the advertising for bids, and authorizing the construction of the waterworks system by contract and with the proceeds of the proposed bond issue. On July 2, 1930, the city accepted the bid of the appellee, Christenson Brothers Company, for the construction of the waterworks system.

In view of certain legislation adopted at the 1930 session of the General Assembly which became effective on June 19, 1930, the parties to the contract were uncertain as to their rights thereunder, and this action was brought under the Declaratory Judgment Act (sections 639a-1 to 639a-12 inclusive, Civil Code of Practice), for a declaration of their rights.

Chapter 133 of the Acts of 1926 authorized cities of the second, third, and fourth classes to acquire water-

works and to issue bonds therefor payable from the revenues of such works. This act was amended and re-enacted during the 1930 session of the General Assembly so as to make its provisions applicable to cities of the fifth and sixth classes. Acts of 1930, chapter 92. The 1930 act contained an emergency clause and took effect after its passage and approval on March 17, 1930. At the same session the General Assembly passed an act providing that no city of the fourth, fifth, or sixth class, being the owner of any waterworks system or lighting system by gas, electricity, or other power, should sell, convey, lease, mortgage, or otherwise incumber such waterworks system or lighting system without the assent of two-thirds of the total number of legal voters of such city voting at an election held for that purpose. Acts of 1930, chapter 103.

The lower court adjudged that chapter 103 of the Acts of 1930, limiting the right of a city of the fourth class to mortgage or incumber a waterworks system owned by such city, has no application to and does not limit the right of the city of Sturgis in the acquisition of a waterworks system, and that the 1930 act did not repeal or amend chapter 133 of the Acts of 1926, as amended by chapter 92 of the Acts of 1930, so as to require an election in the city of Sturgis as a condition precedent to the issue of bonds by the city for the construction of a waterworks system.

It is the rule in this state that where two conflicting acts upon the same subject are passed at the same session of the Legislature and their conflict is such that they cannot be harmonized or made to stand together, the one containing the emergency clause will prevail over the one containing no such clause. Naylor v. Board of Education, 216 Ky. 766, 228 S. W. 690. But in our opinion there is no conflict between the two acts, and we find no difficulty in harmonizing the two which it is our duty to do if that can be done.

Chapter 133 of the Acts of 1926, as amended and re-enacted by chapter 92 of the Acts of 1930, deals with the original purchase, establishment, and construction of a waterworks system, together with the extensions and necessary appurtenances thereto, while chapter 103 of the Acts of 1930 deals solely with waterworks or lighting systems theretofore acquired and of which the city of the fourth, fifth, or sixth class is the owner. In other words, if the city has become the owner of such waterworks

system or lighting system it may not sell, convey, lease, mortgage, or otherwise incumber the franchise or the system itself without the assent of two-thirds of the legal voters of such city voting at an election held for that purpose. As the city of Sturgis does not propose to incumber a waterworks system already owned, but proposes merely to issue bonds for the purpose of acquiring a waterworks system, it follows that it could act without the assent of two-thirds of the legal voters of the city and that the ordinances authorizing the construction and installation of the system, the issuance and sale of the bonds, and acceptance of the bid of the appellee, are valid.

The lower court having so held, its judgment is affirmed.