## Oldham County v. Arvin et al.

(Decided Nov. 14, 1933.)

D. E. WOOLDRIDGE for appellant.
J. BALLARD CLARK for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

At a meeting of the fiscal court of Oldham county held on December 2, 1930, an order was entered ratifying and approving the appointment of Emart Arvin as county road engineer of Oldham county for a term of two years beginning January 1, 1931, and fixing his salary as such at $1,200 per annum for the term. On the 5th day of April, 1932, the court duly adopted and entered an order, the pertinent part of which reads:

> "That this court agrees to continue to furnish the county Road Engineer Arvin accessories for his automobile, vote for Abbott, Kerlin, Able Dick, Varble, against Thompson, Davis, Renaker, motion carried."

From the latter order the county attorney of Oldham county prosecuted an appeal to the circuit court by filing therein a certified copy of the order and a statement of appeal. By special demurrer and by answer, Emart Arvin called in question the right of the county attorney to prosecute the appeal because neither the Oldham fiscal court nor the county court had directed or authorized such action.

Thereafter the county attorney filed an amended statement of appeal, in which it is averred that Arvin has continuously since the 19th day of March, 1927, under proper orders of the court, acted as road engineer of the county and has been paid a salary of more than $600 per year, the salary ranging from $1,800 per year for some years to $1,200 per year during the term in controversy; that during all the time he has been furnished an office with proper furniture and equipment at the county seat; and that the fiscal court is furnishing, buying, and paying for gasoline, oil, tires, parts, and mechanical labor in the operation and upkeep of an automobile owned and used by him in the discharge of his duties as road engineer, but that the automobile is only used by him a small part of the time in the discharge of such duties and the remainder of the time is used for private business or for his pleasure; that the road tax levied by Oldham county has never exceeded the sum of $20,000 for any year. The court sustained a general demurrer to the statement of appeal as amended and dismissed the appeal, and the county attorney is prosecuting this appeal.

Grounds argued and relied upon for reversal are: (1) That the provisions of the Statutes of Kentucky under which the fiscal court may provide transportation for the county road engineer does not authorize the county to furnish accessories for automobiles owned by him; (2) that the statute authorizing the fiscal court to furnish transportation for the county road engineer has been repealed; (3) that the order of the fiscal court entered on April 5, 1932, after the salary had been fixed by the previous order, is unconstitutional and void, in that it is a change in the compensation of the road engineer during his term of office.

Section 1, chapter 36, Acts of the General Assembly of 1914, provides in substance that in all counties levying a road tax amounting to over $50,000 the fiscal court shall furnish the road engineer with transportation in the performance of his duties in connection with the superintending, construction, repairing, and maintaining of county roads, and may for such purpose buy or rent teams or automobiles which may also be used by the county judge or committees of the fiscal court or board of commissioners in the inspection of the roads, and section 3 of that chapter reads:

"Any other county may furnish the transportation provided for in Section 1 of this act, shall the Fiscal Court so elect."

These sections of the act have been incorporated in Kentucky Statutes as sections 4356v-1 and 4356v-3, respectively. The act which provides that it shall become effective upon its passage and approval by the Governor was approved on March 18, 1914. At the same session of the General Assembly a comprehensive act relating to public roads and creating the office of county road engineer and prescribing the duties thereof was passed. Chapter 80, p. 338, Acts of 1914.

Section 39 of the latter act, creating the office of county road engineer and providing for transportation for such officer in counties levying a road tax of over $50,000, uses verbatim the language of section 1 of the former act in its entirety; and section 2, chapter 23 of the Acts of 1918 (section 4325, Kentucky Statutes), amending section 39, chapter 80, Acts of 1914, adopts the same provision in toto.

We shall first consider the second ground argued

by counsel for appellant, since the first and third grounds are closely related and may properly be discussed together as the authorities cited relate to both questions.

It is asserted by counsel that while the latter acts do not expressly repeal sections 4356v-1 and 4356v-3 of the Statutes, they do so by implication because the first section is carried over into the subsequent acts, one of which deals with the entire subject-matter relating to public roads and the office of county road engineer, while the latter section is omitted from the subsequent act. However, at the very outset counsel is met with the prevailing rule that repeals by implication are not favored. Keenon v. Adams, 176 Ky. 618, 196 S. W. 173; Lewis v. Mosely, 215 Ky. 573, 286 S. W. 793; Panke v. City of Louisville, 229 Ky. 186, 16 S. W. (2d) 1034. Courts will presume that where the Legislature intended a subsequent act to repeal a former one, it will so express itself as to leave no doubt as to its purpose. Commonwealth v. International Harvester Company of America, 131 Ky. 551, 115 S. W. 703, 133 Am. St. Rep. 256; American Tobacco Co. v. Commonwealth (Ky.) 115 S. W. 755; Martin v. Board of Trustees, etc., 224 Ky. 730, 6 S. W. (2d) 1114.

Statutes passed at the same session of the General Assembly and relating to the same subject-matter will be read and considered together and should, if possible, be given such construction as will give effect to each. Greene v. E. H. Taylor, Jr., & Sons, 184 Ky. 739, 212 S. W. 925; Naylor v. Board of Education of Fulton County, 216 Ky. 766, 288 S. W. 690; City of Sturgis v. Christenson Bros. & Co., 235 Ky. 346, 31 S. W. (2d) 386; Kirkman v. Williams' Ex'r, 246 Ky. 481, 55 S. W. (2d) 365. In the absence of an expressed intention to repeal, a statute will not be interpreted as inferentially or impliedly repealing a prior act unless there is such repugnancy between the old and the new acts as to admit of no other reasonable construction. Martin v. Board of Trustees, etc., supra; Nuetzel v. Keller, 205 Ky. 340, 265 S. W. 817. Measured by the foregoing standards set by the court, it is apparent that there is no such repugnancy between the two acts passed at the 1914 session of the General Assembly as to warrant a conclusion that the latter act intended to repeal section 3 of the prior act; and for the same reason it is obvious

that it was not impliedly repealed by the amendatory act of 1918.

Under section 4356v-3 of the Statutes, the fiscal court in its discretion may furnish to the road engineer an automobile and pay the expenses of operating and maintaining it for the purposes indicated in section 4356v-1, or it might hire an automobile for such purpose. Certainly it would be an act of economy to pay the necessary expenses for the operation of the road engineer's automobile while used in the discharge of his duties rather than purchase or rent and pay the expenses of maintaining and operating one for him, and to do so would not be an abuse of the discretion upon the part of the court. The right to incur the greater expense would necessarily include the right to incur the lesser. However, the authority invested in the fiscal court by this section should not be used as a cloak to cover an increase in salary of the engineer during his term in violation of the Constitution. At most, the court can legally appropriate only such sums as will be necessary to provide transportation incurred in the discharge of the duties of the office and anything in excess of that would be an illegal and unwarranted expenditure.

In the case of Beauchamp v. Snider, 170 Ky. 220, 185 S. W. 868, 870, the right of the county board of education to pay the necessary expenses of the county superintendent in addition to the fixed salary was in question. The statute invested the county board of education with power to pay the necessary expenses of the county school superintendent and supervisor of rural schools while in the discharge of official duties, and it was held in effect that the statute invested the board with power, in the exercise of a reasonable discretion, to allow and pay the actual expenses necessarily incurred by such officers in the discharge of their duties, and that such an allowance when authorized by law was not an increase of salary during the term of office within the meaning of the Constitution or statutes of this state. After referring to a former opinion of the court wherein it was said in effect that the board of education was invested with a large discretion in the expenditure of funds levied for school purposes and that in the absence of abuse of such discretion courts would not interfere, the opinion continuing said:

"On the contrary, however, if this discretion should

322

be abused, or should not be reasonably exercised, either in the character of expenses or in the mode or method by which they should be allowed, the courts will interfere upon proper application.''

In this case the statute likewise invests the fiscal court with a discretion in the matter of paying the expenses of transportation of a road engineer while in the discharge of his duties, and until it is made to appear that there has been an abuse of that discretion the court will not be authorized to interfere. The order in controversy merely indicates a purpose upon the part of the court to pay for accessories, etc., for the engineer's automobile, but does not allow or appropriate any sum for such purpose; therefore it cannot be said that any abuse of discretion has been shown.

In the circumstances the case of Beauchamp v. Snider is conclusive and clearly indicates that the finding of the lower court was proper.

Judgment affirmed.