MOTHER OF GOD CEMETERY ASSOCIATION, INC., a Kentucky Corporation and William A. Hughes, Roman Catholic Bishop of the Diocese of Covington, Trustee for the German Roman Catholic Mother of God Cemetery Association of Covington, Appellants,

v.

COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellee.

No. 87-CA-001955-MR.

Court of Appeals of Kentucky.

Aug. 26, 1988.

Discretionary Review Denied by Supreme Court Nov. 10, 1988.

70

Peter J. Summe, Covington, for appellants.

Owen W. Serey, Covington, for appellee.

Before HOWERTON, C.J., and LESTER and REYNOLDS, JJ.

LESTER, Judge.

The Mother of God Cemetery Association and Bishop William Hughes as trustee for the cemetery appeal from an interlocutory order and judgment entered August 11, 1987, finding that the Department of Highways has the right to take certain property belonging to the cemetery by eminent domain, and an order entered August 11, 1987, which determined that:

Section 2(a) of the Charter of the Defendant Cemetery Association as it purports to exempt certain property from appropriation by the sovereign by power of eminent domain is invalid. However, regardless of the validity of such provision, it is the opinion of the Court that Section 2(a), when considered in conjunction with KRS 177.081 and KRS 416.540–680, would yield thereto. By the enactment of such statutes the legislature has provided the means, absent agreement, by which the sovereign through its Department of Highways shall acquire property for a system of highways. The legislative intent appears clear. There are no restrictions set forth in such statutes which would preclude the acquisition of the property which is the subject of this action. The fact that the property is devoted to one public use does not prevent the sovereign from exercising the power of eminent domain for another public use as it seeks to do here. It is observed that there are no burial sites presently located on the property sought herein. Further, the Defendant Cemetery Association is afforded the right to acquire additional property by condemnation in its own behalf pursuant of KRS 416.210.

The Commonwealth of Kentucky Transportation Cabinet filed a petition for condemnation of over four acres of land owned by the Mother of God Cemetery Association, Inc., on March 9, 1987. The appellants filed an answer and counterclaim for declaration of rights on April 7, 1987, contesting the right of the Transportation Cabinet to take and asserting the protection of Chapter 35, Section 2(a) of the Act of the General Assembly of 1888 which grants the cemetery an exception from public taking. Appellants also contended that since the land was already devoted to public use, although no burial facilities are currently located thereon, it cannot be taken by eminent domain. The court, after having received various memoranda and affidavits from the parties, entered the two orders of August 11, 1987.

■ The first issue is whether the section of the cemetery charter exempting the land from taking by condemnation is invalid. The cemetery is in a relatively unusual position in that this exemption was granted specifically to this property by an Act of the General Assembly. This Act is still in effect and has the force of a statute. Thus, no part of it should be declared invalid unless specifically repealed by the legislature or unless there is an unavoidable inconsistency with a later statute which makes it impossible for both acts to stand. *Hallahan v. Sawyer*, Ky., 390 S.W.2d 664 (1965). Repeals of statutes by implication are not favored. *Logsdon v. Howard*, 280 Ky. 342, 133 S.W.2d 60 (1939). Here the later statutes in question are those generally pertaining to the Department of Highway's power of eminent domain, KRS 177.081 and KRS 416.540–416.680, and do not refer to the cemetery property nor to the Act of the General Assembly of 1888 Chapter 35. A general statute is not to be construed as repealing a previous particular act absent some express reference thereto or complete irreconcilability therewith. *City of Eddyville v. City of Kuttawa*, Ky., 343 S.W.2d 404 (1961). Neither is present in this case. The two are capable of coexisting without contradiction until one tries to apply them to the cemetery property. At that time the specific exemption prevails over the general legislation. *Fiscal Court Commissioners of Jefferson County v. Jefferson County Judge/Executive*, Ky.App., 614 S.W.2d 954, 958 (1981), citing *City of Bowling Green v. Board of Education*, Ky., 443 S.W.2d 243 (1969). It is a basic rule of statutory construction that the intention of the legislature should be ascertained and given effect. *Fiscal Court Commissioners, supra*, 614 S.W.2d at 957 citing *Fiscal Court of Jefferson County v. City of Louisville*, Ky., 559 S.W.2d 478 (1977). Looking at Section 2(a) of the 1888 Act Chapter 35, it is clear that the legislature was cognizant of the power of the state to take property and intended to exempt this particular property therefrom. Reviewing KRS 177.081 and KRS 416.540–416.680, it is evident that the legislature intended to set forth procedures for exercising the power of eminent domain, and to grant the power to the Transportation Cabinet. We see no inherent inconsistency between the two. Further, we presume that had the legislature intended the subsequent act to repeal the former one, it would have expressed itself so as to leave no doubt as to its purpose. *Oldham County v. Arvin*, 251 Ky. 317, 64 S.W.2d 907 (1933).

■ The second issue raised is whether that section of the cemetery charter loses its application when read along with the Eminent Domain Act. This seems to us to be the other side of the same coin. It is true that the right of eminent domain rests in the Commonwealth. *Commonwealth, Department of Highways v. Sanders*, Ky., 396 S.W.2d 781 (1965). The rule that the right cannot be contracted away so as to bind future legislatures, referred to in *City of Louisville v. Milton*, Ky., 247 S.W.2d 975 (1952), appears to refer to a general restriction on the power rather than a specific exemption for one piece of property. Since we have already determined that the two acts may be read in harmony with each other, we see nothing which would cause the earlier to yield to the latter.

Having reached the conclusion that the cemetery's exemption from being taken by eminent domain is valid, it is unnecessary to reach the question of whether there was error in granting an interlocutory order of possession to the Department of Highways under the summary procedures of KRS 416.540, or in applying the standards of KRS 177.081 to a situation in which one public use is being taken for another, other than to note that pursuant to *Louisville and Nashville Railway Co. v. City of Louisville*, 131 Ky. 108, 114 S.W. 743 (1908), where a new public use will destroy the previous use to which the property was devoted, the power to condemn the property for such new use must be conferred in express terms and strictly followed.

We also do not discuss the fact that the cemetery has the right to acquire additional

property by condemnation, which is noted in the order of the lower court, as that is irrelevant to the issue of the property in question.

For the foregoing reasons, the orders and judgment of the Kenton Circuit Court are reversed, and possession of the subject property is returned to the Mother of God Cemetery Association.

All concur.