**John David PRESTON, Mayor, City of Paintsville, Kentucky, Appellant,**

v.

**FLOYD/JOHNSON COUNTY PILOTS ASSOCIATION; Donna Blackburn; C.K. Belhasen; John P. Wells; Larry Short; Ann R. Latta, Mayor, City of Prestonsburg; and Paintsville/Prestonsburg Airport Board, Appellees.**

No. 92–CA–000209–MR.

Court of Appeals of Kentucky.

Feb. 26, 1993.

Rehearing Denied April 30, 1993.

Discretionary Review Denied by Supreme Court Jan. 25, 1994.

John David Preston, Perry & Preston, Paintsville, for appellant.

Larry Dean Brown, Prestonsburg, Frank K. Belhasen, II, Belhasen & Belhasen, Dale A. Phillips, Paintsville, Ronald L. Green, Lexington, for appellees.

Before DYCHE, HUDDLESTON and McDONALD, JJ.

HUDDLESTON, Judge.

John David Preston, Mayor of the City of Paintsville, appeals from a Johnson Circuit Court judgment holding that city council approval is required for mayoral appointments to the Paintsville/Prestonsburg Airport Board. Because we believe the circuit court erred in so holding, we reverse and remand.

In 1959, the cities of Prestonsburg and Paintsville established the Paintsville/Prestonsburg Airport. In 1991, the mayors of the two cities appointed new members to the six-member board. That same day, the Floyd/Johnson County Pilots Association, and others, sued the mayors and the airport board, claiming, amongst other things, that since the city councils of the two cities had not approved the appointments, they were illegal. They also filed a motion for temporary and permanent injunctions to prevent the board members from taking office.

After hearing oral arguments on the plaintiffs' motion, the court found that KRS 83A.010 requires council approval. Mayor Preston appeals from that judgment.

KRS 183.132, enacted in 1960, provides that "[a]ny city or county, or city and county acting jointly, or any combination of two (2) or more cities and/or counties may establish a nonpartisan air board composed of six (6) members...." Subsection (4)(d) states that "[i]f a combination of cities and/or counties establishes a joint air board, the mayors and/or county judges/executive involved shall jointly choose six (6) members, and shall jointly choose successors."

KRS 83A.080(2), enacted in 1980, provides that "[a]ll nonelected city officers shall be appointed by the executive authority of the city and, except in cities of the first class, all these appointments shall be with approval of the city legislative body if separate from the executive authority...."

KRS 83A.010(10) defines "officer":

"Officer" means any person ... appointed to a position which (a) is created by ... a city; (b) possesses a delegation of a portion of the sovereign power of government; (c) has powers and duties to be discharged which are conferred directly or by implication by the city; (d) has duties performed independently and without control of a superior power other than law; (e) has some permanency; (f) requires an official oath; (g) is assigned by a commission or other written authority; and (h) provides for an official bond if required by proper authority.

The circuit court determined that the members of an airport board are city officers, as defined by KRS 83A.010(10). It further decided that since KRS 83A.080 conflicts with KRS 183.132, and "is the latter enactment, it prevails and council approval is required for appointments to the Airport Board." We disagree.

Where two statutes are in apparent conflict, and their inconsistencies cannot be reconciled, "the one containing express and positive language relating to the particular subject should take precedence over a provision dealing with a matter in general terms." *Commonwealth v. Martin*, Ky.App., 777 S.W.2d 236, 238 (1989). See also *Morgan County Board of Education v. Elliott*, 260 Ky. 672, 86 S.W.2d 670, 671 (1935). Since KRS 183.132 specifically addresses the appointment of air board members, it must control over the general provisions of Chapter 83A.

Appellees claim that KRS 183.132 does not grant to a mayor the unilateral power to appoint board members. Although KRS 183.132 does not expressly say that council approval of mayoral appointments is unnecessary, we believe it is the only reasonable interpretation of the statute.

KRS 100.141 provides that "[t]he mayor of each city entitled to one or more members and the county judge/executive of each county shall appoint the members of the planning

commission with the approval of their respective legislative bodies." Similarly, KRS 95.-763 permits a mayor "by and with the approval of the legislative body," to appoint members of the civil service commission. We believe these statutes, and others, suggest the General Assembly would have expressly required council approval of airport board appointments if it so intended.

■ Appellees point to KRS 183.132(5)(a), which states that "[t]he members of an air board composed of ten (10) members ... shall be appointed by the mayor of the city, *without approval of the legislative body.*" (Emphasis supplied.) They claim this language prevents us from concluding that the legislature did not intend council approval for six-member boards. "If the legislature had intended appointment to six-member boards without approval of the legislative body," the argument goes, "it would have said so."

In 1984, the General Assembly amended KRS 183.132 to include a provision for ten-member boards. The phrase "without approval of the legislative body" was included in that addition. Since that subsection was added twenty-four years after the enactment of the original provisions of KRS 183.132, we do not believe its inclusion changes the meaning of the original subsection dealing with six-member boards.

■ Finally, appellees argue that even if KRS 183.132 grants to a mayor the power of appointment without council approval, that power was repealed by implication through KRS 83A.080.

It is a well-settled rule of statutory construction that "the repeal of an existing law by implication is not favored by the courts, and a legislative enactment will never be interpreted as inferentially repealing a prior statute or part thereof unless the repugnancy is so clear as to admit of no other reasonable construction." *Tipton v. Brown,* 277 Ky. 625, 126 S.W.2d 1067, 1071 (1939); *Holcomb v. Mayes,* 290 S.W.2d 486, 487 (1956). Stated differently, "[c]ourts will presume that where the Legislature intended a subsequent act to repeal a former one, it will so express itself as to leave no doubt as to its purpose." *Tipton, supra,* quoting *Oldham County v.*

*Arvin,* 251 Ky. 317, 64 S.W.2d 907, 908 (1933). Absent such express language, we will not presume that the General Assembly intended to repeal KRS 183.132 when it enacted KRS 83A.080.

The judgment is reversed and this case is remanded for proceedings consistent with this opinion.

All concur.